Tilghman C. J.
The indictment is at common law, and the judgment is founded on the fourth section “ of the act to “reform the penal laws of this state,” passed the fifth of April, 1790. In this section, it is enacted, that every person convicted of an offence not capital, for which by the laws in force before the act entitled “ an act to amend the penal laws “of this state,” (passed the 27th March, 1789,) placing in and upon the pillory, whipping, &c, may be inflicted, shall, instead of such parts of the punishment, be lined, and “sen-. “ tenced to undergo, in the like manner, and be confined, kept “ to hard labour,” &c. So that the question is reduced to this point, could the offence laid in the indictment have been punished with whipping, or pillory, prior to the 27th March, 1759 £ There was^no act of assembly by which the punishment was defined, so that we must look to the common law. For when the act of the 5th April, 1790, speaks of “ the law “ in force” before the 27th March, 1789, we are to understand *552 all laws, that is to say, the common law, statute law, or acts of assembly. The 4th section of the act of 5th April, 1790, was well considered in the casé of The Commonwealth v. Searls, (2 Binn. 332.) and I consider the construction which 1 now give it, as having been settled by that case as well as by the understanding and practice of various Courts in the state, both before and since. It is a principle of the common law, that offences falling under the head of crimen falsi, such as forgery and cheating, may be punished by the pillory. 2 East. C. C. 838. § 14. It is not every cheat, indeed, which may be so punished. One may cheat another, by barely telling a lie to deceive him in the quality of goods sold, &c. Such deception would not be subject to an indictment. But a cheat which affects the public, is indictable. 2 East. C. C. 816. § 2. 2 Burr. 1125. Rex v. Young. The offence charged in this indictment must affect the public-. Bank notes, though not strictly money, are its representatives, and circulate generally in the place of the lawful money of the country. There is no matter in which the public is more immediately interested, nor any kind of cheat-more directly and extensively injurious to the citizens of the Commonwealth. It is objected, that if this offence is punishable with hard labour, &c. it will be punished more severely than even the crime of counterfeiting, which is supposed, to be highly unreasonable, as the crime of -counterfeiting the notes is, in its nature, of greater magnitude than that of passing them. - We are not now to decide on the punishment for counterfeiting. But to give the argument its greatest force, it can be of no avail in a court of justice, although it might be properly addressed to the legislature. For granting the punishment to be unreasonable, the courts have no power to alter it. I see no reason to dpubt, that at common law, this offence was subject to an infamous punishment. That being the case, it falls within the 4th section of the'act 5th April, 1790. I am, therefore, of opinion, that judgment should be-affirmed.
Neates J. concurred.
Gibson J. concurred.
Judgment affirmed-.