# THE SUPREME COURT

OF

# PENNSYLVANIA.

EASTERN DISTRICT, MARCH TERM, 1847.

PHILADELPHIA.

---

## SHOUSE *v.* The COMMONWEALTH.

Under an indictment charging four with riot, and a riotous assault and battery, *one* may be convicted of an assault and battery, and the others acquitted generally.

IN error from the Quarter Sessions of Pike county.

*March* 15.—The first count of the bill of indictment in this case, as it was laid before the grand jury, charged William Shouse, the plaintiff in error, and Jacob Shouse, with two others, with "riotously, routously, and unlawfully" meeting together and tearing down the dwelling-house of one Wells. The second count laid an assault and battery in the same manner. The third laid an unlawful assembling to disturb the peace, &c., under similar words. The grand jury found a true bill against all the defendants for a riot, and "for an assault and battery" against William and John Shouse, (who was not named in the bill.) On the trial, the jury found defendants not guilty of the riot, and plaintiff in error guilty of assault and battery. The sentence was a fine of six cents and costs. A motion in arrest of judgment had been made and overruled, on the ground that William Shouse could not, under the indictment, be convicted of a common assault and battery. The three errors assigned will be found in the opinion of Mr. Justice Burnside.

*J. M. Porter,* for plaintiff in error.—There was no count for a simple assault and battery. [BURNSIDE. J.—The second includes

83

it.] That is for a riotous assault and battery; and unless it is so to be construed, the finding of the jury is bad, for they cannot find part of a count. To make that valid, it must read *modo et formâ*, that is, of a riotous assault, &c. The defect in the verdict, in the use of the indefinite article, is fatal; Sharff *v.* Commonwealth, 2 Binn. 514. But on principle and authority the verdict cannot be sustained; the words *riotously* and *routously* run through the whole indictment, and are material, for it is a distinct offence; and less than three cannot be convicted, for they cannot be guilty of a riot; a separate count is essential in such cases; Archbold, Crim. Pl. 262, 557; King *v.* Scott, 3 Burr, 1262; 1 W. Black. 291, 850. Rex *v.* Heaps, 2 Salk. 593, S. C. Ld. Raym. 484, is expressly to the point. So it is laid down in 2 Chit. Crim. Law, 275; Rex *v.* Fieldhouse, Cowp. 325; Pennsylvania *v.* Huston, Addison, 334.

*Dimmick*, contrà.—If the offence be substantially charged, the verdict is always sustained. Respublica *v.* Roberts, 1 Yeates, 6; Commonwealth *v.* Rogers, 1 Serg. & Rawle, 124; this and Commonwealth *v.* Gable, 7 Serg. & Rawle, 423; Chit. Crim. Law, 638, show it is the uniform practice to convict of the lesser offence, under an indictment for the greater.

*Reply.*—It is impossible that the verdict can read guilty in manner and form, as he stands indicted, if this rule is the true one.

*March* 29. BURNSIDE, J.—The act of 1705, Dunlap, 16, declares, "If any persons, to the number of three or more, shall meet together, with clubs, staves, or any other hurtful weapons, to the terror of any peaceable people or inhabitants of this province, and shall commit, or design to commit violence or injury upon the person or goods of any of the said inhabitants, and shall be convicted thereof, such persons shall be reputed and punished as rioters according to the laws of England, and such act of terror and violence, or design of violence, shall be deemed and accounted a riot." This act has never been changed or altered; it is an addition to the common law, as then known in the province, and still known in this state,—as riots, routs, and unlawful assemblies were blended together, and all deemed and declared to be riots; hence indictments for routs and unlawful assemblies are unknown in our criminal courts; by this act all such mobs, routs, and unlawful assemblies, as the act describes, are declared to be riots; all kinds of riots known to the common law are still indictable as such.

In the first count in this indictment, the plaintiff in error, with

others named, and persons to the number of ten or more, to the jury unknown, were charged that on the 2d day of May, 1844, being rioters, with force and arms, that is to say, with sticks, staves, clubs, and other hurtful weapons, riotously, routously, and unlawfully assembled and met together, to the great terror of the peaceable people and inhabitants of this Commonwealth, and to disturb the peace of the said Commonwealth, and being so assembled and met together, one building and dwelling-house in the possession of James Wells, did then and there riotously, and routously, and unlawfully pull down, break and destroy, &c.

The second count was substantially in the same form, but omitting the pulling down the house, and charging the defendants with a riotous assault and battery on James Wells, and the third count charged them generally with a riot. The finding of the grand jury was: "True bill against the whole for a riot, and for an assault and battery against William Shouse and John Shouse. The traverse jury found the defendants not guilty of a riot, but William Shouse guilty of an assault and battery.

Motion in arrest of judgment: "That under the indictment in this case, William Shouse could not be convicted of a common assault and battery." After argument, the Quarter Sessions overruled the motion in arrest of judgment, and sentenced William Shouse, the defendant, to pay a fine of six cents and the costs. The case found its way to this court, where the following errors are assigned:

1. That the defendant below, the plaintiff in error, was not convicted of any offence for which he was indicted.

2. That the court below ought to have arrested the judgment for the reasons filed.

3. That the conviction and sentence of William Shouse, under the indictment, were erroneous, as he and the other defendants were indicted, 1st. For a riot and pulling down a house; 2d. For a riot and riotous assault and battery; and 3d. For a riot in making a great noise and tumult; and the jury have expressly acquitted all of the riot, and could not, under this indictment, find any one of the defendants guilty of an assault and battery alone, without a count charging that offence singly.

These assignments of error embrace but one view of the case, as all were acquitted of the riot: whether any one of them could legally be convicted and sentenced on the second count in the indictment, which charges all the defendants with a riot and a riotous assault and battery, of the latter division of the offence. It would

H

have been safer to have had a count for a common assault and battery, as the general rule is, that the grand jury should find the whole bill or reject it; but this rule does not hold when there are different counts, laying different and distinct offences. The grand jury may find either count, and reject the others, (1 Chit. Crim. Law, 322;) or, each count containing a distinct charge, the jury may return a true bill upon any one of them only; Hawkins, b. 2, c. 25, sect. 2.   On an indictment against several, it may be found against one or more, and rejected as to the rest.

When a count in an indictment contains a divisible averment, it is the province of the petit jury to discriminate and find the divisible offence; and this distinction runs through the whole criminal law.   It is enough to prove so much of the indictment as shows that the defendants, or any one of them has committed a substantial crime therein specified; 2 Camp. 585; Roscoe, Crim. Ev. 76, (92.) As upon an indictment for murder, the prisoner may be convicted of manslaughter; or, on an indictment for burglary and larceny, the jury may find him guilty of the simple felony, and acquit him of the burglary; 2 Hale, P. C. 302.   Where an indictment charged the defendant with an assault, and an intent to abuse and carnally know a female child, held, that he might be convicted of an assault to abuse her simply, as the averment of such intention is divisible; Rex v. Dawson, 3 Starkie, 62, (14 E. C. L. R.)   On an indictment for an assault with intent to murder, there may be a conviction of an assault simply; 5 Ohio Rep. 242.   This is the law and practice of Pennsylvania.   The grand jury found the bill against all the defendants for a riot, and added for an assault and battery against the two Shouses.   I agree the grand jury do not possess the divisible power of a traverse jury—but we must bear in mind only William Shouse is before us, as all the others were acquitted, and both the findings, as to him, are affirmative of the whole indictment.   So far as he is concerned, there is nothing negative; the whole bill is found.   Was the charge in the second count divisible?   We all think it was; it is so on principle, and such has been, so far as our knowledge extends, the universal practice of Pennsylvania.   The learned counsel of the plaintiff in error relies on the case of The King v. Sudbury, in 1 Ld. Raym. 484. There three were indicted for riot and a riotous assault and battery in the same count, two only were convicted; the conviction of the three being necessary to constitute a riot.   There was no special finding by the petit jury against either of the defendants of an assault and battery.   The counsel for the crown, as they could

not ask for judgment on the indictment for a riot, requested the court to pass judgment on the two found guilty generally for an assault and battery, which Lord Holt refused. If there had been a divisible finding by the jury, the cases would be parallel. We cannot, on the authority of this case, overturn the principle so well settled in analogous cases, and what we believe to be a practice well-founded and long in use in this State.

The judgment is affirmed.(a)

(a) Until March 29, Rogers, J., was absent at Nisi Prius.