### James McFarland v. The State.

#### No. 2642.     Decided June 24, 1903.

**1.—Swindling.**

Defendant and a confederate had two locks, one of which could be opened and the other could not. They induced the prosecutor to bet that he could open the one shown him, which was the one that could be unlocked. After the bet was made they, without the knowledge of prosecutor, exchanged the locks, and he failed to open the one handed him, which could not be unlocked. Held, a clear case of swindling.

**2.—Flight After Arrest.**

On a trial for swindling it was competent to prove that defendant, after his arrest, jumped out of a window and fled. The evidence was not inadmissible because defendant was in arrest and unwarned.

**3.—Evidence—Fruits of Crime.**

Where a party in arrest is found in possession of the fruits of his crime, it is a physical fact, and admissible in evidence against him and those who acted with him in the crime; and the question of warning is not in such a case, it not being a confession or admission.

Appeal from the District Court of Tarrant. Tried below before Hon. M. E. Smith.

Appeal from a conviction of swindling; penalty, five years imprisonment in the penitentiary.

The amount obtained by defendant and his confederate, by means of the swindle, was $175.

The opinion sufficiently states the case.

No briefs for either party found with the record.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment charges appellant with swindling by means of a trick lock; and it is shown that he and Barnett acted together in swindling Murphy. The evidence discloses the swindling occurred in Fort Worth on Saturday morning, about 8 or 8:30 o'clock; that the parties by their devices, representations and acts induced the injured party to bet with one of the two conspirators that he could open one of the locks. It seems they had two, one of which could be opened and the other not. After inducing him to make the bet, the locks were changed without his knowledge, and, of course, he failed to open the lock. This shows a clear case of swindling, so far as the State's evidence is concerned. In a day or two after the alleged offense, the parties were arrested. While en route from the place of arrest to the city hall, Murphy testified that he followed the officer and defendant and Barnett; that they entered the city hall before his arrival; that they had not seen him until he entered the city hall; when he entered, they were sitting on a bench in the police office, and as he entered the door, both looked at witness, and one of them said "Jesus Christ," and both of them immediately ran and jumped out of the window and fled. Witness chased Barnett and caught him, and an officer chased and caught defendant. This evidence was objected to because appellant was under arrest and not warned as required by law. The court qualified this bill by stating that on objection he excluded the expression used by one of the defendants, and in the charge instructed the jury to disregard that expression. It would seem from this that the testimony in regard to jumping out of the window and flight from the city hall was left before the jury. In this there was no error. Buchanan's case, 41 Texas, Crim. Rep., 127; Waits' case, 13 Texas Crim. App., 169.

Witness Murphy was further permitted to testify: "After Officer Newby arrested defendant and Barnett, I followed along behind the three on the way to the city hall; I saw Barnett put his hand in his pocket and raise the flap of his coat pocket as if he was fingering with the flap of his pocket; after we arrived at the city hall, I saw the officers search Barnett, and saw them find in the flap of the pocket, between the linings of the flap of the coat pocket, a pair of locks, the same locks as those used by them on the morning of October 4, 1902, the time they got my money; there was a small hole in the lining of the flap of his coat pocket; the officers got the locks out of the of locks, the same locks as those used by them on the morning of October 4, 1902, the time they got my money; there was a small hole in the lining of the flap of his coat pocket; the officers got the locks out of the hole." Objection was urged because appellant was under arrest at the time these matters occurred and was not warned; and on the further ground that defendant was not responsible for any of these acts; that if a conspiracy had previously existed between them to swindle Murphy these acts were long subsequent to the consummation of such conspiracy.

Usually the acts and declarations of a party under arrest are not evidence; but where a party is found in possession of the fruits of the crime, or the instrument with which a crime is perpetrated, it is admissible against the party in whose possession it is found, and as well against those who acted with him in the crime. This is not an act or declaration in the nature of a confession or admission. It is a physical fact. The locks are shown to be the same as those used by Barnett and defendant in the perpetration of their swindling game. Barnett is the man shown by the testimony who had the locks in his possession at the time Murphy was swindled, and which were used by himself and McFarland in carrying out their swindling scheme. The possession of these locks by either or both is not an admission or confession; no more than the possession of a pistol in a homicide case would be the act and declaration of the man who perpetrated the homicide with that pistol. Under the peculiar facts of this case, it would be wholly immaterial which of the parties had in possession the before mentioned locks. They are shown to have acted together at the time of the commission of the crime; their friends show them intimately associated with each other about that time, though they say at a different place; they were together on the day of their arrest and up to the time of their arrest. Upon witness Murphy's entering the city hall, they became badly demoralized and instantly jumped through the window and fled. There was a conspiracy and acting together between them. While the fact that they were together after the crime would not be a basis, perhaps for the admission of the testimony in regard to Barnett's possession of the locks, still this was relevant testimony, not as a confession, but as a fact or circumstance which would tend to prove the guilt of appellant. Barnett's possession of the locks under all the facts and circumstances detailed was an independent physical fact of an inculpatory nature, and admissible against either. The question of warning was not involved. Barnett was not on trial. Pearson v. State, 18 Texas Crim. App., 524; Pace v. State, 20 S. W. Rep., 762; Rodriguez v. State, 32 Texas Crim. Rep., 259; Thompson v. State, 33 Texas Crim. Rep., 217; Augley v. State, 35 Texas Crim. Rep., 427; Munson v. State, 34 Texas Crim. Rep., 498; Clark v. State, 28 Texas Crim. App., 189; McNally v. State, 72 S. W. Rep., 494; Conde v. State, 33 Texas Crim. Rep., 10; Jackson v. State, 28 Texas Crim. App., 370.

These seem to be the main errors suggested for reversal. We do not believe they are well taken. The judgment is affirmed.

*Affirmed.*