### JIM UNDERWOOD v. THE STATE.

#### No. 3574. Decided February 7, 1906.

**Theft—Swindling.**

Where the defendant was convicted of theft and the evidence showed that defendant informed prosecutor that there were certain cases pending against him, and that if he would give defendant $20 he would get them dismissed; and that the prosecutor intended to part with the money at the time he gave it to defendant, and that the statement of defendant as to the pending cases was false, the same makes out a case of swindling and not theft, and did not sustain a conviction of the latter offense. Distinguishing Lovell v. State, 12 Texas Ct. Rep., 914.

Appeal from the County Court of Erath. Tried below before Hon. M. J. Thompson.

Appeal from a conviction of theft; penalty, a fine of $50 and one day confinement in the county jail.

The opinion states the case.

*Ben Palmer,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of theft, his punishment being fixed at a fine of $50 and one day confinement in the county jail.

The substance of the evidence is that appellant informed prosecutor that there were certain cases pending in Stephenville, Erath County, against him; and that if prosecutor would give appellant $20, he would get the cases dismissed. The evidence clearly shows that prosecutor intended to part with the money at the time the same was given to appellant; and further, that the statement there were certain cases pending against prosecutor was false. This being the evidence we do not think this conviction was warranted, since the unbroken line of authorities in this court lay down the proposition that where the money is obtained by false pretenses, and the party intended at the time the same was obained, to part with both the title and possession of the money, these facts make out a case of swindling, and not theft. The facts before us, as stated above, show that prosecutor intended to part both with the title and possession of the money; and hence this prosecution should have been brought for swindling and not theft. Taylor v. State, 32 Texas Crim. Rep., 110; Frank v. State, 30 Texas Crim. App., 381; Pitts v. State, 5 Texas Crim. App., 122; Williams v. State, 34 Texas, 523; Powell v. State, 44 Texas Crim. Rep., 273; Price v. State, decided at Tyler Term, 1905. However, the Assistant Attorney-General cites Lovell v. State, 12 Texas Ct. Rep., 914, as authority for this prosecution. In that case the question as to whether the prosecution should have been for theft or swindling was not discussed. If it had been, and our attention called to the matter as in this case, we would have held that the prosecution in that instance should have been for swindling, and not theft. The matter there under discussion was whether or not money obtained by false pretenses, which pretenses would have been an illegal act if fulfilled, would be a legitimate subject upon which to predicate a prosecution.

Accordingly the judgment is reversed and the cause remanded.

*Reversed and remanded.*