## Commonwealth *v.* Rodman, Appellant.

*Criminal law—Conveying means of escape to prisoner—Attempt—Indictment—Act of March 31, 1860, sec. 4, P. L. 382.*

In Pennsylvania it is a misdemeanor punishable by fine and imprisonment for any person to convey, or cause to be delivered to a prisoner lawfully committed or detained in any jail, any disguise, instrument or arms proper to facilitate the escape of such prisoner, although no escape or attempt to escape be actually made. An attempt to commit such a misdemeanor is a misdemeanor itself.

An attempt to commit a misdemeanor is a misdemeanor whether the offense is created by a statute or was an offense at common law.

An indictment charged that the defendant "did attempt to commit an offense prohibited by law," and then in apt terms described an attempt to convey certain tools to prisoners in jail with the intent that the prisoners might thereby and therewith escape or attempt to escape from jail. The indictment concluded, "that the said defendant then and there did fail in the perpetration of said offense, and was intercepted and prevented in the execution of the same." *Held,* that the indictment plainly meant that the defendant failed to perpetrate the offense he attempted, and that it was not reasonably susceptible of being interpreted to mean that he failed to perpetrate the attempt.

Argued May 20, 1907.   Appeal, No. 200, April T., 1907, by defendant, from judgment of Q. S. Warren Co., Dec. T., 1906, No. 15, on verdict of guilty in case of Commonwealth v. George Rodman.   Before RICE, P. J., PORTER, HENDERSON, ORLADY, HEAD and BEAVER, JJ.   Affirmed.

Indictment for an attempt to convey and deliver to prisoners in jail three steel saws proper to facilitate the escape of such prisoners.    Before LINDSEY, P. J.

The material portion of the indictment was as follows:

" And the inquest aforesaid do further present that one George Rodman, late of said county, yeoman, afterwards, to wit: on the third day of October, in the year of our Lord one thousand nine hundred and six, in the county of Warren aforesaid, and within the jurisdiction of this court, the above-mentioned E. D. Martin (alias E. D. Morton), William A. Wentworth and John T. Hannon, then and there being prisoners in the jail aforesaid, lawfully committed to and detained in said jail as above set forth, under the authority and for the offenses aforesaid, respectively, and whilst the said E. D. Martin (alias E. D. Morton), William A. Wentworth and John T. Hannon continued to be so detained in said jail, did attempt to commit an offense prohibited by law, to wit: did unlawfully attempt to convey and deliver to the above named E. D. Martin (alias E. D. Morton), William A. Wentworth and John T. Hannon, prisoners in the jail aforesaid, three steel saws, being instruments proper to facilitate the escape of the said prisoners from the said jail, with the intent that the said prisoners might thereby and therewith escape, or attempt to escape, from said jail, and in such attempt did then and there convey into said jail the three saws aforesaid concealed upon his person, with intent then and there to convey and deliver said saws to the said E. D. Martin (alias E. D. Morton), William A. Wentworth and John T. Hannon, prisoners as aforesaid, without the knowledge and privity of the keeper or keepers of said jail, but the said George Rodman then and there did fail in the perpetration of said offense, and was intercepted and prevented in the execution of the same, contrary to the form of the act of the general assembly in such case made and provided and against the peace and dignity of the commonwealth of Pennsylvania."

The court charged the jury in part as follows:

You have heard the testimony on the part of the commonwealth, heard the testimony as to the finding of the file in the jail and where it was found, and also the other implements

lying upon the table there connected with the file, and you have heard the testimony of Mr. Wright, the deputy sheriff, who testifies in substance that Mr. Rodman, the defendant, came to him and wanted to go into the jail, I believe this was on Wednesday night, October 3, and that he allowed him to go into the jail, that he went with him and when they got into the corridor of the jail he told him he must search him and he proceeded to search him and found, he says, the three saws which have been exhibited here to you, inside of his breast pocket and he took the saws away from him. The defendant had a pie and perhaps something else which he was taking in to the prisoners to eat. It is also testified by Mr. Miller, a prisoner in the jail at the same time, that he saw Mr. Rodman give to one of the prisoners named in the indictment the file which lies upon the table. It is also testified by Mr. Miller that he heard a conversation between the defendant, Rodman and John Hannon, one of these prisoners, and gives you in detail the conversation, and says he heard him tell Rodman to bring him in two saws and gave him some money, and that this was on Thursday, the Thursday before the saws were found upon Rodman when he went in there.

Now, gentlemen of the jury, Mr. Rodman denies this testimony—he does not deny the fact that he had the saws, but he tells you that he sent by Mr. Wilson to get these saws and that Mr. Wilson got them and gave them to him on the night that he went in there with the food for these prisoners, and he tells you the purpose for which he got them. Mr. Wright testifies that he has told him that he got them to cut threads on pipe. He says that he got them to cut the pipe, and as I understand him, gentlemen, he said to cut the pipe or the end of the pipe where the thread was made. However, you will remember exactly what he did say. . . . Now he was engaged in putting this pipe together, as I understand his testimony. Were these instruments such as he would naturally want and would facilitate him in doing that? These are inquiries for you in connection with determining how much credit to give to his evidence.

Now, Wilson corroborates Mr. Rodman in getting the saws and giving them to Mr. Rodman that night. Mr. Wright says that Wilson told him that he got them and gave them to Rod-

man during that day before he went to the ball game.   Wilson admits that he did tell Mr. Wright that, but he denies telling it to Mr. Magee.   Now Magee, the constable, is called as a witness in rebuttal and he testifies that Wilson did tell him that he gave the saws to Mr. Rodman in the daytime before he went to the ball game.   So that Mr. Wilson is contradicted in this by the evidence of Mr. Magee.

Verdict of guilty, upon which the court sentenced the defendant to pay a fine of $50.00, and to be confined in the Western Penitentiary for a period of one year and seven months by solitary confinement at labor.

The defendant filed a motion for a new trial, assigning the following reasons:

1. Because no evidence was produced nor proof adduced showing where the alleged offense was committed, either township, borough, county nor state, and, therefore, the cause was not within the jurisdiction of this court.

2. That the indictment does not charge an indictable offense against any statute of the state and should have been quashed.

3. Because the indictment in this case alleges that the defendant did not commit the alleged offense which is first alleged in said indictment to have been committed.

4. Because there was no legal and competent evidence that the defendant committed an offense which is indictable under the statutes of Pennsylvania.

5. Because the verdict of the jury, " We find the defendant, George Rodman, guilty as indicted," is not in fact a judgment rendered against the defendant; too uncertain, and not on a valid indictment.

6. Because the indictment charges the defendant with an alleged offense which can be no more than an attempt at an attempt, and sets out below therein that " the said George Rodman then and there did fail in the perpetration of said offense, and was intercepted and prevented in the execution thereof."

7. Because the verdict was against the weight and preponderance of the evidence.

8. Because the court erred in not quashing the indictment in this case for reasons set out in motion made in proper time for that purpose.

9. Because the court erred in admitting the evidence offered by the commonwealth and objected to by defendant in relation to searches made and materials found at the county jail by officers before the alleged offense was said to have been committed—to be given, to which exception was made and bill sealed—within the four days provided by rule of court, and supplementary hereto.

*Errors assigned* were in not quashing the indictment and in not arresting the judgment.

*George B. Munn,* with him *Curtis M. Shawkey,* for appellant.

*Wm. S. Clark,* for appellee.

OPINION BY RICE P. J., October 7, 1907 :

In this commonwealth it is a misdemeanor punishable by fine and imprisonment for any person to convey, or cause to be delivered to a prisoner lawfully ·committed or detained in any jail, any disguise, instrument or arms proper to facilitate the escape of such prisoner, although no escape or attempt to escape be actually made: Act of March 31, 1860, sec. 4, P. L. 382.   The defendant was tried and convicted upon the theory that the indictment charged an attempt to commit this statutory offense.   The objection that the evidence did not show that it was committed within the jurisdiction of the court is not sustained.   There was ample evidence of this essential.   Nor, even if there were any assignment properly raising the question, could it be held that there was any error in the admission of the testimony referred to in the motion for a new trial.   In connection with other testimony of which it forms a part, which is not set forth in the so-called assignment as our rules require, it had a direct and legitimate tendency to negative the defendant's claim that he had the instruments on his person for an innocent purpose, and was clearly within the principle of the recognized exceptions to the general rule, that a distinct and independent crime cannot be given in evidence against the accused upon trial for another offense.   See 1 Greenleaf on Evidence (15th ed.),

sec. 53 and notes; 1 Wigmore on Evidence, pp. 390-395; Commonwealth v. House, 6 Pa. Superior Ct. 92, at pp. 106-7, and cases there cited. The only remaining question attempted to be raised is whether the indictment charged an indictable offense. It is true section 50 of the criminal procedure Act of March 31, 1860, P. L. 427, provides that a party indicted for a felony or misdemeanor may be found guilty of an attempt to commit the same. But this did not abrogate the common-law rule (see Smith v. Commonwealth, 54 Pa. 209; Commonwealth v. Jones, 10 Phila. 211; Rex v. Roderick, 7 C. & P. 795; 12 Cyc. of Law and Procedure, 176) that, in general, an attempt to commit a misdemeanor is a misdemeanor whether the offense is created by a statute or was an offense at common law. Therefore it was not necessary to indict the defendant for a crime of which he was not guilty in order to convict him of a crime of which he was guilty. But it is claimed that the indictment is contradictory in terms and so ambiguous and uncertain in meaning that it cannot support the judgment. After certain material preliminary averments, not necessary to be noticed here, it charges that the defendant " did attempt to commit an offense prohibited by law," and then in apt terms and according to approved form, describes the offense attempted and the acts constituting the attempt, and concludes, " but the said George Rodman then and there did fail in the perpetration of said offense and was intercepted and prevented in the execution of the same. Contrary, etc." This averment must be read with the context, and being so read it plainly means that the defendant failed to perpetrate the offense he attempted; it is not reasonably susceptible of being interpreted to mean that he failed to perpetrate the attempt. See Wharton's Prec. of Ind. 1046, 1047; Hackett v. Commonwealth, 15 Pa. 95.

We find no error in this record; the evidence fully justified the submission of the case to the jury; and it was submitted in a charge to which no exceptions were taken, and no valid exception could be taken. Therefore the conviction must be affirmed. In thus deciding the appeal upon its merits it is not to be understood that the objections to the assignments of error are regarded by us as either trifling or unimportant.

The judgment is affirmed.