### Mrs. Pete Arnold v. The State.

#### No. 3530.   Decided April 28, 1915.

**1.—Theft—Swindling.**

Where, upon trial of misdemeanor theft, the facts showed that if defendant was guilty of any offense, it was that of swindling, and not theft, the judgment must be reversed and the cause remanded.

**2.—Same—Statutes Construed.**

Where, in the fraud practiced, the title to the property is passed, the offense is swindling, and not theft; but if mere possession is obtained by false pretenses and the title does not pass, the offense is theft. Following Underwood v. State, 49 Texas Crim. Rep., 285, and other cases.

Appeal from the County Court of Tarrant.   Tried below before the Hon. Jesse M. Brown.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $10 and one day confinement in the county jail.

The opinion states the case.

*Poulter & Johnson,* for appellant.—Cited Bink v. State, 98 S. W. Rep., 249 and 863; Pitts v. State, 5 Texas Crim. App., 122; Hudson v. State, 10 id., 215; Powell v. State, 70 S. W. Rep., 968.

*C. C. McDonald,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of misdemeanor theft and her punishment assessed at a fine of $10 and one day confinement in the county jail.

The most serious question in the case is the contention that the evidence offered in behalf of the State does not constitute theft. J. E. Cunningham testified he was in search of employment; that appellant claimed to be running an employment bureau; that she told him she could secure him employment on a farm, as manager thereof at $80 per month, and her fee would be $10. He paid her this fee, and she had failed to secure him employment. Upon demand she returned him $8 of the money, but did not return the other $2 until the prosecution was begun. The most favorable light the testimony could be viewed from the State's standpoint would be, that appellant was guilty of misrepresentation in stating she could secure Cunningham employment if he paid her $10. Take it for granted that everything she said was untrue, and the fraudulent representations were made to secure $10 from Cunningham, this would not constitute theft, but swindling. For

when Cunningham paid her the money he intended for the title of the $10 to pass to Mrs. Arnold. In the recent case of Lewis v. State, 73 Texas Crim. Rep., 16, 171 S. W. Rep., 217, we had this question before us, and we held: "Penal Code, 1911, article 1332, provides that, if money be obtained by any false pretense with intent to deprive the owner of the value thereof and to appropriate it to the benefit of the person taking, such person is guilty of theft. Article 1421 declares that the acquisition of money by false or deceitful pretense with intent to appropriate it to the use of the person acquiring is swindling. Held that, where by the fraud practiced the title to the money is passed, the offense is 'swindling' and not theft, but if mere possession is obtained by false pretenses, and title does not pass, the person acquiring the money is guilty of 'theft.'" See also Underwood v. State, 49 Texas Crim. Rep., 285; Bink v. State, 50 Texas Crim. Rep., 445, and cases cited.

The evidence does not support a verdict finding appellant guilty of theft but of swindling, if any offense, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*