## Commonwealth v. Condurso.

*John R. Hessel* and *S. M. R. O'Hara*, for Commonwealth.

*F. A. McGuigan* and *J. H. Flannery*, for defendant.

JONES, J.—Dynamiting has been an effective medium for some individuals in this community for pouring out their vials of hate and revenge upon their fellow-men, but by subtlety, cunning and crafty means they have avoided detection, arrest and punishment; at least, one of these individuals, the defendant, was intercepted and prevented in the execution of his wicked act by a rifle and good markmanship, and, like Cain of old, was marked, so that his finding was easy.

He was indicted upon two counts under the Act of April 20, 1927, P. L. 326, amending section 141 of the Penal Code, and charged with having unlawfully, wantonly, wilfully and maliciously, by the explosion of dynamite placed near a certain building, the home of Dominick Sarago, at No. 4 Plank Street, Pittston, made (in the first count) an attempt to destroy and damage the building; and (second count) an attempt to do bodily harm to Sarago.

No objection was made to the indictment, and defendant was convicted on both counts.

No dynamite was exploded or placed near the building; it was brought on the premises and carried away by defendant when detected and shot and wounded by the prosecutor.

Defendant contends that without proof of an explosion or the placing of dynamite near the building, there can be no legal conviction; that proof of an explosion is a prerequisite to a conviction on either count.

We charged the jury, among other things: "Counsel for the defendant has argued to you that there can be no conviction in this case because there was no explosion of the dynamite. I cannot agree with him. I say to you, as a matter of law—and if I am mistaken it will be corrected—that if this defendant went there, loaded with dynamite, for the purpose of blowing up this home and that little family, and, before he could carry out his dastardly act, Mr. Sarago reached him with that shot-gun—if you believe those are the facts and the truth, he may be convicted, and he ought to be convicted, on the first and second counts, as he stands charged in this indictment, even although there was no explosion."

According to the verdict, we must assume that the jury believed the facts established by the Commonwealth to be true, namely, that Mr. Sarago, the owner of a property at No. 40 Plank Street, Pittston, occupied at the time by his wife and four children, on Nov. 10, 1927, retired at 10 o'clock P. M.; about 2.30 A. M., the husband arose for the purpose of securing his wife a drink of water, and as he descended the front stairway leading to the door facing on Plank Street, a glass door from midway to the top, and about eight or ten feet from the street, on a moonlit night, saw two men step inside the gate; one had a package wrapped; he recognized the defendant, picked up a double-barreled gun or rifle and fired one shot from a shell containing one large bullet; then, using a revolver, fired three more shots from the parlor window, heard the defendant shout, "Oh, mother," and both men ran in the direction of the Erie Railroad. The wife, hearing the first shot, arose, went to the front of the house, recognized the defendant and called him by a nickname.

Several hours afterwards, on the Erie Railroad, the direction taken by the defendants, a dinner-pail owned by defendant was found upset and twelve sticks of dynamite, and attached to one stick was a long fuse burning and a piece of canvas bag similar in kind to canvas found in defendant's home the following day.

Defendant, when arrested, had a gun-shot wound, and a coat button found on the prosecutor's premises corresponded with the buttons on defendant's overcoat, and two were missing.

There is no contention that the verdict was against the evidence. Quoting from his counsel's brief: "The testimony in the case has not been transcribed, and it is not necessary to have its transcription, for Judge Jones, in his charge, clearly and fairly presented to the jury the Commonwealth's contention, as well as the defendant's contention; and in the charge, especially at page 4, is a concise outline of the material testimony bearing on the description of what transpired at Sarago's property."

The motion is purely technical; the Commonwealth charged defendant with placing and exploding the dynamite in an attempt to injure an individual and damage property; the proof disclosed that defendant was on the premises with dynamite and a lighted fuse attached, but was detected and checked before he had time to place or explode it; therefore, he argues, "I cannot be convicted." Setting aside technicalities, his claim is without any foundation in substantial common sense.

The administration of the criminal law along technical, narrow and fine-spun lines should be abolished; it is quite evident from the wave of crime that is sweeping over our country, and particularly over our county, that the public needs some protection. The culprit is safely intrenched and his liberty jealously guarded and protected by our system of jurisprudence; he is entitled to a fair and impartial trial and no more; when his guilt is established beyond a reasonable doubt, he should not be acquitted by any narrow or shriveled construction of the law; even the criminal law must have width and breadth if it is to be effective and useful.

Where an act is done which unequivocally leads to crime, it can be punished, either as a consummate crime or as an attempt at crime. On an indictment for murder, the jury may find a verdict for manslaughter; a person charged with burglary and stealing may be convicted of larceny: Smith v. Com., 54 Pa. 209. When a count in an indictment contains a divisible averment, it is the province of the petit jury to find the divisible offense. This distinction runs through the whole criminal law. For instance, persons

indicted for riotous assault and battery may be convicted of assault and battery only. When the charge is assault and battery, a conviction may be had for assault. The instances of this kind might be multiplied indefinitely: Com. v. Shouse, 5 Pa. 83.

Speaking of the crime defined in the Act of March 13, 1901, P. L. 49, the wilful or malicious entry, either by day or night, of any house, with intent to commit a felony, the court said: "It is complete the moment one wilfully or maliciously crosses the threshold with intent to steal and before any further attempt has been made to commit the larceny. The general rule is well settled that upon an indictment charging a particular crime, the defendant may be convicted of a lesser crime included within it:" Com. v. Tadrick, 1 Pa. Superior Ct. 555-565.

Upon an indictment for breaking into and entering a freight car, the testimony adduced on the part of the Commonwealth established the fact that the defendant, with others, tried to get into a car, but could not open the door. They broke the seal and opened the door probably three or four inches, and upon being alarmed, the defendant and his confederates attempted to make their escape by running away, but defendant was arrested shortly thereafter, and a verdict of guilty was sustained upon the ground that the facts amounted to an attempt: Com. v. Stefanczyk, 77 Pa. Superior Ct. 27.

Upon an indictment for an attempt to convey and deliver to prisoners in jail three steel saws to facilitate the escape of the prisoners, the question attempted to be raised was whether the indictment charged an indictable offense, because section 50 of the Criminal Procedure Act of 1860 provides that a party indicted for a felony or misdemeanor may be found guilty of an attempt to commit the same. President Judge Rice, speaking for the court, said: "But this did not abrogate the common-law rule that, in general, an attempt to commit a misdemeanor is a misdemeanor, whether the offense is created by a statute or was an offense at common law. Therefore, it was not necessary to indict the defendant for a crime of which he was not guilty in order to convict him of a crime of which he was guilty:" Com. v. Rodman, 34 Pa. Superior Ct. 607.

In the case at bar, defendant could have been indicted for the crime of which he was not guilty, namely, placing and exploding the dynamite and injuring the person or damaging the property of Sarago, and the jury could have returned a modified verdict under section 50 of the Code. That section provides: "If, on the trial of any person charged with any felony or misdemeanor, it shall appear to the jury upon the evidence that the defendant did not complete the offense charged, but was guilty only of an attempt to commit the same, such person shall not by reason thereof be entitled to be acquitted, but the jury shall be at liberty to return as their verdict that the defendant is not guilty of the felony or misdemeanor charged, but is guilty of an attempt to commit the same."

It will be noticed that defendant shall not be acquitted and the jury is at liberty to return the modified verdict.

In the case at bar, the indictment charges defendant with placing dynamite and exploding it with the attempt to injure property and persons. The attempt to injure is the gist of the offense; the placing of the dynamite and exploding it are the means to the end; the indictment is good as an attempt to commit the offense described by the act; therefore, no modified verdict, as required under section 50, supra, was necessary; a verdict in manner and form as indicted was sufficient; there could not be a verdict of attempt to commit an attempt.

In Com. *v.* Brosk, 8 Dist. R. 638, it was held that an attempt to commit murder should be charged so that it would be murder if the crime had been fully consummated.

In Com. *v.* Flaherty, 25 Pa. Superior Ct. 490, an indictment for breaking and entering a store with intent to commit larceny, on trial, it was found that the testimony did not warrant a verdict of guilty in manner and form as he was indicted, and under instructions from the court a verdict was recorded of guilty of breaking with attempt to commit crime charged.

In this case is a full discussion of what constitutes an attempt, but that question is not raised in this case.

Defendant placed himself on the premises, within a few feet of the building, with the fuse lit, all tending to show an intention to do a specific thing, namely, to place it, retire and wait for the explosion to destroy property and injure the individuals. He fell short of the complete accomplishment of his wicked act, by discovery and several shots from a rifle, one of which penetrated his wrist.

There was no objection to the indictment upon the ground that it did not legally charge an attempt under the act. We deem the indictment good as an attempt to commit the offense, and deny the motion in arrest of judgment and refuse a new trial. From Frank P. Slattery, Wilkes-Barre, Pa.