## J. H. RATCLIFF v. THE STATE.

No. 14008.  Delivered April 1, 1931.
Rehearing Denied May 6, 1931.

The opinion states the case.

*J. N. Snell* and *W. H. Hanson,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for swindling; punishment, two years in the penitentiary.

It is alleged in the indictment that appellant falsely pretended and represented to Boyce McDowe and Mrs. Clem McDowe that he, appellant, had talked to the district attorney of Smith county, Texas, with reference to a case pending in the district court of said county against Clem McDowe charging him with a felony, and that he could settle said case and secure dismissal of same for the sum of $150, of which $50 would have to be paid in cash; and thereby induced said parties to deliver to him $50 in money, and to part with title to same, etc.,—when in fact he had not talked to said district attorney about said case, and well knew that he could not settle said case or secure dismissal thereof, and further that said parties relied on and believed said false pretenses and representations and were thereby induced to part with their said money, and that they did deliver same to appellant. We think this charges the offense of swindling. That a part of the false representations in such case be a promise as to some future matter, will not affect the case if in connection therewith it appears that the accused made false representations as to some existing fact without which the party or parties would not have

parted with the property. Boscow v. State, 33 Texas Crim. Rep., 390; Blum v. State, 20 Texas App., 578; McFarland v. State, 45 Texas Crim. Rep., 248; Underwood v. State, 49 Texas Crim. Rep., 285; Lovell v. State, 48 Texas Crim. Rep., 85. The description of the property obtained by the appellant from said parties as $50 in money, was sufficient. We do not think it necessary to allege in the indictment the specific interest had by the injured parties in the party charged in the case pending in the district court of Smith county. The state does not have to plead its evidence. In our opinion the indictment was sufficient.

That $30 of the money obtained by appellant belonged to Mrs. McDowe, was paid to appellant, and was money in which Boyce McDowe had no interest; also that a like situation existed, only reversed, as to the $20 paid appellant by Boyce McDowe, would in nowise affect the question of appellant's guilt, and the special charge seeking an instructed verdict of acquittal in case the jury believed the above state of facts to exist, was properly refused. Nothing is better settled in this state than that the taking of property from different owners at the same time and place, constitutes but one offense. Wilson v. State, 45 Texas, 81; Hudson v. State, 9 Texas App., 151; Hirshfield v. State, 11 Texas App., 216; Adams v. State, 16 Texas App., 171; Shubert v. State, 21 Texas App., 551; Wright v. State, 37 Texas Crim. Rep., 627; Davidson v. State, 40 Texas Crim. Rep., 285. The Wilson case, supra, is well reasoned and supported by citation of authorities. A quotation therein appears from an opinion of the Supreme Court of Missouri, as follows: "The stealing of several articles of property at the same time and place undoubtedly constitutes but one offense against the laws; and the circumstance of several ownerships cannot increase or mitigate the nature of the offense."

We are in accord with the proposition thus stated, and believe that when one takes from different ownerships, at the same time and place, a number of articles,—those taken from no one owner being of value sufficient, if alone charged, to make the offense a felony,—that the accused has no just ground of complaint if the indictment charge him with taking at the named time and place the certain described property of A, B, C and D of the aggregate value of a sum more than $50 from the possession of A, B, C and D, without the consent of said parties, or either of them, and with intent to appropriate same, etc.; or, if the pleader prefers, the indictment may charge the accused with taking at one time and place from A certain described property of the value of_____dollars, and charge that at the same time and place said party did take from the possession of B certain described property of the value, etc., and also that at the same time and place said accused did take from C certain described property, and it appears from the averments of the indictment

that all the property thus taken was of the aggregate value of more than $50,—in either case a felony would be sufficiently charged.

In other words, in a case where at the same time and place under the authorities such taking would be one transaction and hence one offense, the accused has no right to demand that the state class the taking as less than felonious simply because the value of the property taken from each of the several owners be less than that necessary to class the taking as a felony. Under all our authorities where a party takes property from one owner or many, at the same time and place, this constitutes but one offense, and if the aggregate value of the property then taken be more than $50, what rhyme or reason in not trying the taker for the whole offense thus committed? Why are we compelled to favor or please the accused by carving out of the transaction a misdemeanor, convicting or acquitting him of this, and then uphold pleas of former conviction or acquittal as to the taking of the property of other parties at such time and place? We think the state has the right to try the accused for what he did, and if at the same time and place he took property belonging to different owners, the state has the right to indict him therefor, and to allege that he took the property of said different owners at such time and place, and to ask and secure his conviction for a felony if the aggregate value of the property amounts to $50.

We have found no case in point in this state, but People v. Johnson, 81 Mich., 573, and Shouse v. Com., 5 Pa., 83, support our view as expressed. Mr. Bishop in section 888 of his work on Crim. Law, vol. 2, 9th ed., p. 673, says: "The thief ordinarily does not care, and often he does not know, whose are the things he is taking. And though the indictment is required to set out the ownership, the purpose is simply to identify the articles. So that the state, empowered by law to elect in what form it will accuse a wrongdoer, can put all of one theft into a single count, or a part thereof, as it chooses. Still, where many articles are stolen at one time, there is only one theft, whether the ownership is in one person or many. And after the thief has been in jeopardy for any part of the one larceny, the prosecution is exhausted, and he cannot be indicted for anything the state chose to omit."

It must be conceded that the state is the party to the prosecution which has the right to elect whether it will carve or not, and certainly it may elect not to carve but to prosecute and punish for the crime actually committed; and though a given transaction may be divisible, yet the right to treat it as a whole or to carve same is one belonging only to the state and not to the accused.

We think it not error to decline to give either the charge just referred to or another that the jury be instructed to acquit unless they found that the property taken was the joint property of Mrs. McDowe and Boyce McDowe.

Believing the evidence sufficient to support the verdict, and that no error appears in the record, the judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant again urges in his motion for rehearing the points presented on original submission, and which were considered in our original opinion. The questions being of first impression in this state they had our very careful attention, and the conclusions were not announced until after mature deliberation and a number of consultations regarding them. The points are clearly set out and discussed in our former opinion and it would serve no good purpose to engage in a repetition which would be the only result of a further discussion.

Believing we reached the correct disposition of the case originally, appellant's motion for rehearing is overruled.

*Overruled.*