## Commonwealth *v.* Kelsea, Appellant.

Argued September 28, 1931. Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and DREW, JJ.

*George F. Whitmer,* for appellant.

*W. J. Geary,* District Attorney, for appellee.

Opinion by Trexler, P. J., November 20, 1931:

The defendant was charged that he "unlawfully and feloniously did administer to one ......, a woman pregnant or quick with child, certain drugs or other substances and did then and there unlawfully and feloniously use upon the body of her, the said......, certain instruments and other means, with intent to procure the miscarriage of her, the said......"

This was substantially charging the crime in the language of the 88th section of the Act of March 31, 1860, P. L. 382, which makes it a crime to attempt to procure an abortion, but there were added the words "and did then and there procure an abortion of the said......" The appellant argues that the addition of these words changed the charge into one of common law abortion and sufficiently charges that offense. We are inclined to agree with him. Abortion resulting in death and the attempt to procure a miscarriage are covered by the Crimes Act of 1860, but simple abortion is a common law offense: Wells v. Ins. Co., 191 Pa. 207.

The trial judge submitted the question to the jury whether or not an abortion was committed; the question of a mere attempt was not introduced. The trial being confined to the question of abortion and the mere attempt being eliminated, the appellant contends that there was not sufficient evidence to convict. It is argued that there is no evidence of the expulsion of the foetus and that this must be shown before there can be a verdict of guilty. In consideration of the question we need not enter into all the details of what occurred on the several visits to the doctor. The testimony of the Commonwealth was to the effect that the woman upon whom the abortion was alleged to have been committed had failed to menstruate; that she on two occasions went to the defendant who was a practising physician who told her she was pregnant and in one instance had been so at least two months; that

he operated on her and that after each operation she again began to menstruate. We think this was sufficient. The jury could infer from the testimony that the object sought to be obtained had been attained. There is no direct evidence that the foetus was expelled, but we could hardly take the position that all that was necessary to escape prosecution for abortion would be for the operating doctor to dispose of the foetus. This could be very readily accomplished if the operation were performed in the early stages of pregnancy. It was a question for the jury and the inference to be drawn from all these circumstances was for them and the court committed no error in refusing to grant a new trial.

As to the sentence imposed, we may observe that if the offense be one for which no punishment is fixed by statute, then the court may pass judgment of a character similar to that provided for the class of offenses to which the particular crime belongs: Lewis v. Com., 2 Serg. & Rawle 551.

The judgment is affirmed and the record remitted to the court below and it is ordered that the defendant appear in the court below at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part of it which had not been performed at the time the appeal in this case was made a supersedeas.