Opinion by
 

 Baldeige, J.,
 

 The indictment under which Julia Trombetta, the appellant, was convicted charged her with procuring the miscarriage of one, Grace Bottles, who was pregnant and quick with child, by unlawfully and feloniously administering a certain drug and using a certain instrument with intent to procure the miscarriage. Added to these charges is thef allegation that Grace Bottles, as a result of the administering of the drug and the use of the instrument, with intent to procure the abortion, died. The jury asked to be specially instructed whether they could return a verdict of “abortion” without “resulting in death.” Upon the court’s instructing them that could be done, a verdict of guilty of abortion was rendered.
 

 Sections 87 and 88 of the Criminal Code, approved March 31, 1860, P. L. 382 (18 PS §§2071-2072), are the same, except under the former if death follows the abortion the defendant may be sentenced to seven years
 
 *489
 
 imprisonment. In the latter, no reference is made to the death of the victim, and the imprisonment may not extend beyond three years.
 

 The appellant asserts that the indictment, containing one count and drawn substantially in the language of section 87, cannot be sustained unless death resulted from the abortion. The Commonwealth on the other hand, calls attention to the fact that the indictment follows, almost word for word, section 88, but that added thereto is the allegation that Grace Bottles, by reason of the administering of the drug and the use of the instrument, with the intent to procure the abortion, died.
 

 The crime charged is abortion; death, if resulting from the illegal acts, is considered only for the purpose of sentence. Death is not one of the essential ingredients constituting the crime in either section: 1 C. J. S., Abortion, sec. 8, p. 319. It is but an allegation of an aggravation of the offense charged. The intent to cause or procure an abortion is the gist of the crime, and one who uses the means set forth in the statute, with criminal intent, is guilty of abortion: 1 C. J. S., Abortion, sec. 4, p. 313.
 

 The proof of the death of the victim, therefore, was not necessary to support a conviction.
 

 In
 
 Railing v. Com.,
 
 110 Pa. 100, 104, 1 A. 314, Mr. Justice Green, speaking for the Supreme Court, in discussing these two sections of the Act of 1860, supra, said:
 

 “In the last case [referring to section 88] the offense is complete without the death of the woman or child. In both cases the grade of the offense is the same— felony. In both, the acts done by the prisoner are the same. In the first, if those acts are followed by the death of the mother or child as a consequence, that is, in the relation of effect to a cause, a difference results in one of the penalties imposed...... The facts
 
 *490
 
 which constitute the crime are precisely the same in both cases...... It follows that the death is no part of the facts which go to make up or constitute the crime. It is complete with the death or without it. The death therefore considered in and of itself is not a constituent element of the offense. It may happen or it may not. If it does not happen a certain possibility of penalty follows. If it does happen the same character of penalty results but with a larger possibility, not a certainty, in one of the items. This seems to be a precise expression of the difference between the cases provided for in the two sections.”
 

 Furthermore, if we assume that abortion is a lesser offense than abortion followed by death, the abortion is a constituent part of the offense charged in the indictment. The well-recognized rule is that where an indictment charges an offense which includes within it another and less offense, the defendant may be convicted of the latter, if the evidence justifies it, and acquitted of the former:
 
 Dinkey v. Com.,
 
 17 Pa. 126, 129;
 
 Com. v. Parker,
 
 146 Pa. 343, 23 A. 323;
 
 Com. v. Anagustov et al.,
 
 82 Pa. Superior Ct. 156.
 

 The indictment is, in our judgment, sufficient upon which to base the conviction.
 

 The appellant complains that the lower court fell into error in not “distinguishing between the words ‘attempt’ and ‘intent’.” That objection is not worthy of serious consideration. The court in its opinion refusing the motions for a new trial and in arrest of judgment stated that “upon an indictment drawn solely under Section 87, a verdict of guilty of attempted abortion may be returned and recorded, and lawful sentence imposed thereon, as Section 88 goes only to penalty for attempts.” No reference to an attempted abortion was made in the charge, nor was any request made that instructions be given to the jury relating thereto, so that a failure to distinguish the meaning of these words
 
 *491
 
 had no bearing on the verdict. This alleged omission was not raised in the statement of questions involved and, moreover, the opinion of the court is not assignable for error.
 

 The appellant contends, also, that when the jury asked for further instructions the court erred in stating that it could return a verdict of guilty of abortion only, as it tended to strike down the defense that Grace Bottles’ death, having occurred four months after the alleged abortion, could not have resulted therefrom.
 

 As above stated, the actual crime charged in the indictment, of which the appellant was fully informed, is abortion. Her defense was that she did not commit that offense. That death did not result therefrom was not a complete defense against the crime charged, but simply went to the mitigation of the penalty. In that connection it may be stated that Dr. Helmbold, the county coroner’s physician who performed the autopsy on the evening of April 30, 1937, testified that, in his opinion, death was the result of an abortion followed by peritonitis.
 

 We are in accord with the contention of the appellant that the trial judge erred in imposing a sentence of not less than two or more than four years in the State Industrial Home for Women at Muncy. The sentence must be within the provisions of section 88, viz., not more than three years. He did not have the discretion to impose a different one from that provided therein. The discussion in the opinion indicates that he relied upon
 
 Com. v. Kelsea,
 
 103 Pa. Superior Ct. 399, 157 A. 42. We said there that if the crime charged is a common law offense for which no punishment is fixed by statute, then the court may pass judgment of a character similar to that provided for the class of offenses to which the particular crime belongs, citing
 
 Lewis v. Com.,
 
 2 S. & R. 551. This appellant was not indicted for an offense under the common
 
 *492
 
 law, but under our Criminal Code, supra. Section 183 thereof (18 PS §3712) provides:
 

 “In all cases where a ¡remedy is provided, or duty enjoined, or anything directed to be done by any act or acts of assembly of this commonwealth, the directions of the said acts shall be strictly pursued; and no penalty shall be inflicted, or anything done agreeably to the provisions of the common law in such cases, further than shall be necessary for carrying such act or acts into effect.”
 

 See, also,
 
 Com. v. Clark,
 
 123 Pa. Superior Ct. 277, 187 A. 237.
 

 A new sentence will, therefore, have to be imposed under section 88.
 

 The thirty-fourth assignment of error, affecting only the sentence, is sustained. All the others are overruled. The sentence of the court of oyer and terminer is reversed and set aside and the record is remitted to the same court with directions to proceed to sentence the defendant anew in due form and according to law.