## Commonwealth v. Wojdakowski

Before Hoban, Eagen, and Robinson, JJ.

*Carlon M. O'Malley*, District Attorney, and *William J. Kearney*, for Commonwealth.

*Alphonsus L. Casey* and *Joseph E. Gallagher*, for defendants.

ROBINSON, J., February 18, 1948.—Defendants above named were indicted, tried and convicted for attempting to break prison and escape from the Lackawanna County Jail. A companion case of conspiracy to break prison and escape also resulted in a conviction. Rules for new trials in the issues were denied by

the trial judge, Hoban, P. J., in an opinion filed February 2, 1948.

Defendants now move in arrest of judgment in the cases where they are separately charged with an attempt to break prison and escape. The reasons assigned are that the indictments do not charge, and defendants were not convicted of, offenses under the statutes of Pennsylvania.

We observe at this point that offenses under statutes are not the only crimes that may be charged in a bill of indictment in this Commonwealth.

The indictments in the cases of Matus and Dilitka describe the prison status of both defendants as persons in the Lackawanna County Prison charged with the indictable offense of robbery, while in the Wojdakowski case defendant is described as a person in said prison after convictions in the court of quarter sessions. The indictments charge that defendants, so imprisoned, on June 20, 1947, "unlawfully did attempt to break prison and escape therefrom".

The bills indicate that the pleader had in mind the provisions of The Penal Code of June 24, 1939, P. L. 872, sec. 309, 18 PS §4309.

Defendants contend that the indictments do not charge a statutory offense because the pleader did not "closely" follow the language of the above statute and that there is no longer a common-law offense of an "attempt to break prison and escape therefrom".

The difficulty with the first part of the contention is that the pleader is not required to "closely" follow the language of the penal statute. An indictment is good in law which charges the crime substantially in the language of the statute: Criminal Procedure Act of March 31, 1860, P. L. 427, sec. 11, 19 PS §261.

The bills of indictment plead imprisonment, describe the prison status of each defendant, lay under videlicet, the indictable offense which defendant was charged with or convicted of, identify the perpetrator, give the

date and allege an attempt to break prison and escape therefrom. The gravamen of the offense is in the words "break prison and escape", language common to the indictment and the statute and the only language descriptive of the acts prohibited. No essential element of the statutory offense has been omitted from the bills of indictment.

There is no merit in the suggestion that the indictments and form of verdict must contain the words "prison breach". "Prison breach", inserted in The Penal Code of 1939, sec. 309, by the drafting committee, is the name given to the offense. It neither adds to nor takes from the crime as it was known under sec. 3 of the Criminal Procedure Act of 1860.

At common law, an attempt to commit a crime, common law or statutory, is itself a crime. The elements of this offense are: (1) An attempt to commit a crime; (2) an overt act done toward consummation; (3) failure to complete the offense. See Commonwealth v. Rodman, 34 Pa. Superior Ct. 607, Commonwealth v. Flaherty, 25 Pa. Superior Ct. 490, Commonwealth v. Johnson, 312 Pa. 140, Commonwealth v. Ellis, 349 Pa. 402, and 43 Dickinson Law Review 211.

In Commonwealth v. Bausewine, 156 Pa. Superior Ct. 535, 545-546, the Superior Court in considering the sufficiency of an indictment at common law said:

"The well recognized rule is that every indictment for a common law offense shall be deemed sufficient if it charges the crime so plainly that the nature of the offense may be understood, that the court look more to attaining substantial justice than supporting technical and artificial objections to the pleadings: . . ."

The indictments in question are descriptive to the extent that any jury could easily understand the nature of the offense charged. Of course, no indictment will lie at common law if the offense charged is covered by statute: Commonwealth v. Clark, 123 Pa. Superior Ct.

277; Commonwealth v. Bausewine, supra; Penal Code of 1939, 18 PS §5104.

The core of defendants' contention is the case of Commonwealth v. Adams, 3 Pa. Superior Ct. 167, where in interpreting prior statutory law, the opinion writer said: "The third section, by the construction thus given it, provides a symmetrical system for the punishment of every aspect of escape or attempted escape by the act of the prisoner: . . ."

It is argued that this language makes the attempt to break prison and escape as much a violation of the statute as the consummated offense; that the attempt is included in and is a part of the statutory offense; and thus the statute prevents the drawing of an indictment at common law.

We cannot agree that the language cited so establishes the compass of the offenses treated in sec. 309 of The Penal Code. Even so, the position taken does not help the defendants in their motion, for if correct, the indictments charge a violation of the statute, the words "attempt to" being factually descriptive of the extent of the criminal act and not definitive of the offense charged. As such they could be stricken out without prejudice to defendant: Commonwealth v. Faulknier et al., 89 Pa. Superior Ct. 454; Commonwealth v. Fickes, 105 Pa. Superior Ct. 199. On the other hand if defendants' contention be incorrect, it follows that the indictments are good and sufficient at common law: Commonwealth v. Kelsea, 103 Pa. Superior Ct. 399. In either case the motions in arrest of judgment cannot prevail.

Now, February 18, 1948, the motions in arrest of judgment are denied, the rules granted thereon discharged, and exceptions noted for defendants and bills sealed.