Opinion by
Watkins, J.,
In this appeal by Henry Lenker, the defendant-appellant, from a conviction of fornication and bastardy in the Court of Quarter Sessions of York County land from the denial of motions for a new trial and in arrest of judgment; the narrow question for determination is whether a prior statement at a preliminary hearing which was inconsistent with her testimony at the trial, is sufficient to require the court to withdraw the case from the consideration of the jury.
This defendant was accused of being the father of a child born to the prosecutrix, Avalee Shaffer, on the fifteenth of September, 1962, as the result of alleged intercourse that occurred on November 24, 1961 and several times thereafter. The prosecutrix at the trial testified that she had no intercourse with any other *540 man subsequent to October 1, 1961. Tbe prosecutrix at the time of tbe trial was seventeen years of age and bad a tenth grade education.
It was brought out at tbe trial and admitted by tbe prosecutrix that she had made a statement át tbe preliminary bearing on this case that she bad intercourse with another man two weeks prior to November 24, 1961. This was tbe same man concerning whom she testified at tbe trial as having bad intercourse with her on October 1, 1961. Under tbe mother’s version at the preliminary bearing her intercourse with tbe other man would be 308 days from tbe date of the birth of the child and was within tbe period of gestation, which has been held to vary from 220 days to 334 days. Com. v. Young, 163 Pa. Superior Ct. 279, 60 A. 2d 831 (1948). Under her testimony at tbe trial it could not have been within tbe period of gestation since 348 days bad elapsed from tbe time of tbe intercourse on October 1, 1961.
She explained her statement at tbe preliminary bearing in that she misunderstood tbe question and bad been confused at tbe time but at tbe trial swore definitely that tbe last time she bad intercourse with tbe other man was October 1, 1961.
Tbe defendant contends that tbe verdict was against the evidence, tbe weight of tbe evidence and tbe law; that tbe court below erred in permitting tbe mother of tbe child to testify as to intercourse on October 1, in view of her contradictory statement at tbe preliminary bearing; and that tbe court erred in submitting tbe case to the jury in tbe light of tbe inconsistent statements.
It was held in Com. v. Young, supra, that tbe case should not have been submitted to tbe jury where tbe prosecutrix admitted at the trial that she bad intercourse with two or more men within tbe possible period of gestation. As tbe court below said: “It is axiomatic that the jury may not be allowed to guess who the fa *541 tliei* of the child is where the prosecutrix persists in her admission to sexual relations with two or more men within the possible period of gestation, which period has been held to vary from 220 days to 334 days after coitus.”
In the Young case the inconsistent testimony on the issue was made at the trial and is distinguishable from this case in that the other man could not be definitely excluded under any version of the testimony of the prosecutrix.
In this case she denied the truth of the' statement made at the preliminary hearing, although she did not deny having made it but swore that it was the result of misunderstanding the question and her confusion at the time. At the trial she fixed the last intercourse with the other man at October 1, 1961. It should be noted that the defendant did not deny having intercourse with this girl at the precise time she alleges conception.
The mere fact that prior inconsistent statements were made is not sufficient to take the case from the jury. Com. v. Free, 98 Pa. Superior Ct. 566 (1930); Com. v. Severa, 95 Pa. Superior Ct. 568 (1929). The question to be determined by the jury was the credibility of the prosecutrix. This prosecutrix was of limited education, a very young girl, who had advanced only to the tenth grade, and this could be taken into consideration by the jury as they attempted to reconcile any inconsistencies in her testimony.
In Com. v. Bartell, 184 Pa. Superior Ct. 528, 136 A. 2d 166 (1957), at page 537, this Court speaking through President Judge Rhodes said: “If a witness has made inconsistent or contradictory statements they may affect his credibility but they do not make him an incompetent witness. In fact, even if a witness testified differently at a former trial his testimony at a subsequent trial is not to be rejected for this reason alone; *542 such contradictory statements ‘ “affect his credibility, but do not authorize an instruction to the jury not to believe him.” ’ Com. v. Alessio, 313 Pa. 537, 544, 169 A. 764, 766. Where a witness is confronted by such contradiction his final statement is the one which controls. Stewart v. Ray, 366 Pa. 134, 143, 76 A. 2d 628. It is true, of course, that a case should not go to the jury where the party having the burden offers testimony of a witness, or of various witnesses, which is so contradictory on the essential issues that any finding by the jury would be a mere guess. (Citing cases) . . . The function of a jury is to reconcile conflicting testimony ; it is only- when the testimony is so contradictory on the basic issues as to make any verdict based thereon pure conjecture that the jury should not be permitted to consider it.”
In our case the jury had to determine the truthfulness of her last positive statement under oath, that her last intercourse with the other man was October 1, 1961. This they decided by their verdict.
Judgment of sentence is affirmed and it is ordered that the appellant appear in the court below at such time as he may there be called and that he be by that court committed until he has complied with his sentence or any part thereof which had not been performed at the time the order of supersedeas was entered.