Commonwealth *v.* Lockhart, Appellant.

Submitted September 11, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Morris H. Wolff,* and *Stassen, Kostos and Mason,* for appellant.

*James T. Owens* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., November 16, 1972:

Appellant has raised numerous contentions that he believes we should consider in this appeal. The sole meritorious contention, however, that is before this Court is the narrow issue of whether a single or separate robberies occur upon the theft of property from a single individual, but belonging to different owners, where the robbery occurs at the same time and at the same place. It is, therefore, necessary only to set out those facts which are relevant to the disposition of appellant's claim.

On July 2, 1954, appellant was tried together with three co-defendants for his alleged participation in a payroll robbery which occurred on February 5, 1954 at the United Provision Company in Philadelphia. Ap-

pellant was convicted on five separate indictments of armed robbery, for the robbery of four individual victims and the company payroll funds. The trial judge suspended sentence on Bills 140-142, and sentenced appellant on Bills 138 and 139 to consecutive terms of 10 to 20 years imprisonment.

Appellant contends that he was tried twice and convicted on two indictments for the same offense. The specific facts of appellant's allegation of double jeopardy concern Bills 138 and 140, both of which charged appellant with robbing one Samuel Skversky, at the same time and the same place. Bill 138 charged appellant with robbing Mr. Skversky of $800, which Skversky was carrying in his wallet, and which was his personal property. Bill 140 differs from the previous indictment only insofar as the subject matter of this "second" robbery was the company payroll funds taken from a desk drawer directly in front of Mr. Skversky, and taken at the same time and place as the robbery described in Bill 138.

Our Supreme Court has defined the crime of robbery in the following manner: "The crime of robbery consists of two important elements: (1) The felonious intent to take money or goods from the person, presence or control of another; and (2) the accomplishment of that end by violence or putting in fear." *Commonwealth v. Simpson,* 436 Pa. 459, 464, 260 A. 2d 751 (1970). By that definition, a necessary element of the crime is that the violence or threat of violence must be directed at another, from whose *possession or presence* a felonious taking occurs, *Commonwealth v. Darcy,* 362 Pa. 259, 278, 66 A. 2d 663 (1949).

The natural and logical meaning of this definition of the crime of robbery is that a separate robbery may be found to have occurred each time another individual is put in fear, and from whom goods or money is taken.

Therefore, if five individuals are robbed in a room at gunpoint, five separate robberies have occurred since each victim was placed in apprehension by the acts of the assailant. We have previously held that where separate crimes are committed against different individuals, a defendant is not placed in double jeopardy by being tried for each crime, even though the crimes took place at the same place and approximately the same time. *Commonwealth ex rel. Spencer v. Banmiller,* 186 Pa. Superior Ct. 99, 140 A. 2d 860 (1958); *Commonwealth ex rel. Kitzinger v. Claudy,* 173 Pa. Superior Ct. 453, 98 A. 2d 457 (1953).

It is quite a different set of circumstances to conclude that where a single victim is the object of a robbery, who coincidentally is carrying goods belonging to another as well as goods of his own, there should be more than one robbery committed. It would certainly be an absurd and oppressive miscarriage of justice to convict a defendant of multiple robberies and possibly sentence him to consecutive terms of imprisonment for the rest of his life, where the goods and/or money taken from one victim belonged to several, distinct owners.

Several early Pennsylvania opinions considered such a procedure where a defendant was indicted on several bills for the commission of one act. *Fulmer v. Commonwealth,* 97 Pa. 503 (1881); *Commonwealth v. Ault,* 10 Pa. Superior Ct. 651 (1899); *Commonwealth v. Cook,* 98 Pa. Superior Ct. 117 (1930). In *Fulmer,* the defendant was charged with robbing a victim of goods belonging to three distinct owners. The Court stated at 507: "If the property of several persons be stolen at one time, the whole may be considered as one taking, and will amount to grand larceny: 2 Chit. Cr. L. *924. A count charging two distinct offences will be quashed on the defendant's motion; but a count may

join the larceny of several distinct articles belonging to different owners, when the time and place of taking of each are the same: 1 Whart. Crim. L., sects. 382, 391."

The vast majority of jurisdictions wherein the issue of single or multiple larcenies has arisen have held that the stealing of property from a victim, but belonging to different owners, at the same time and the same place, constitutes but one larceny.[1] One of the illustrative cases coming out of the Florida Supreme Court is *Hearn v. States*, 55 So. 2d 559 (Fla. 1951), where the Court adopted the majority view in holding a fact situation, similar to the instant case, to constitute but a single larceny. The Court, at 561, stated cogently the reasons for its holding:

"Larceny is an offense against the public, that is against the State, and the offense is the same whether the property stolen belongs to one person or several persons jointly or to several persons each owning separate parts thereof. The names of the owners of the stolen property constitute no part of the offense. They are stated in the information primarily as a matter of description for the purpose of identification and to show ownership in a person or persons other than the accused.

"We will align ourselves with the majority rule in this country because we feel that to permit the dividing into several larcenies of objects which are the subject of larceny, although belonging to separate owners, when stolen at the same time, from the same place, and under the same circumstances with the same intent,

---

[1] *People v. Bauer*, 1 C. 3d 368, 461 P. 2d 637 (1969); *Sweek v. People*, 85 Colo. 479, 277 P. 1 (1929); *Chanock v. United States*, 267 F. 612 (D.C. App. 1920); *Hearn v. State*, supra; *Ratcliff v. State*, 118 Tex. Crim. 616, 38 S.W. 2d 326 (1931); *Woodford v. People*, 62 N.Y. 117 (1875); and, see generally, Annotation, 37 A.L.R. 3d 1385 (1971).

would be violative of the spirit of the Constitution of the United States and the State of Florida that a man should not be put in jeopardy twice for the same offense."

The reasoning behind these cases is inescapable. The clear, well-established law of this Commonwealth and the overwhelming majority of jurisdictions requires a reaffirmance of the "single larceny" doctrine in the instant case. The mere fact that the money taken from Mr. Skversky's wallet was for personal use, and the money in Skversky's desk drawer was being held for the company's payroll fund, should be of little, if any consequence. It is clear that the Commonwealth, in charging appellant with two armed robberies of Samuel Skversky, in reality twice subjected him to conviction and the threat of punishment for one offense. This subjected appellant to double jeopardy in the prosecution of appellant's single act as two separate offenses.

As conviction on this one count was constitutionally invalid, the cause should be remanded for resentencing on the remaining valid convictions. Recently, Circuit Judge FRIENDLY made a similar recommendation, saying: "When the invalidity of the conviction on one count which may have influenced the sentence becomes apparent on an appeal, whether on direct or collateral attack, the proper course is usually to vacate the sentences and remand for resentencing on the valid counts without consideration of the invalid one." *McGee v. United States*, 462 F. 2d 243, 246 (2d Cir. 1972).

For the reasons stated above, the conviction on Bill No. 140 is vacated and the indictment quashed. Furthermore, the sentences on the remaining counts are vacated and remanded to the court below for resentencing consistent with this opinion.

WRIGHT, P. J., and WATKINS, J., dissent.