416 A.2d 1121

**COMMONWEALTH of Pennsylvania**

v.

**Major MORGAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 7, 1979.

Filed Dec. 21, 1979.

Bruce D. Foreman, Harrisburg, for appellant.

Marion E. MacIntyre, Second Assistant District Attorney, Harrisburg, for Commonwealth, appellee.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

PER CURIAM:

Appellant was found guilty of murder of the first degree by a jury trial on May 15, 1970 and sentenced on March 1, 1971, to a term of life imprisonment for the shooting death of his wife. The Pennsylvania Supreme Court affirmed the conviction. *Commonwealth v. Morgan*, 448 Pa. 494, 295 A.2d 77 (1977). On September 27, 1978, appellant filed a Post Conviction Hearing Act Petition with the Dauphin County Court of Common Pleas alleging trial counsel's ineffectiveness and the ineffectiveness of his appellate counsel. The court denied appellant's PCHA petition and this appeal followed.

■ Appellant claims that he was denied his right to representation by competent counsel due to trial counsel's failure to object to questions that were asked appellant by the prosecuting attorney on cross-examination. The unobjected to questions which appellant believes established his ineffectiveness of trial counsel claim were:

"Q. Isn't it a fact that your wife was cooking dinner when you 'murdered' her?

Q. Are you telling us that she wasn't preparing any food at the time she was 'murdered'?"

The Commonwealth on the other hand submits that these two isolated utterances of the word "murdered" by the prosecutor in a trial which consumed five days and consisted of more than three hundred pages of testimony did not so bias the jury towards that appellant that a true and just verdict was not rendered. We agree.

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

The context in which the questions were asked is as follows:

"Q. You said that you wanted to eat dinner, and your wife wouldn't cook for you. Is that right?

A. Yes.

Q. *Isn't it a fact that your wife was cooking dinner at the time you murdered her*?

A. No, sir.

Q. She wasn't cooking any dinner?

A. No, she wasn't cooking any dinner.

Q. *Are you telling us that she wasn't preparing any food at the time she was murdered*?

A. I had trimmed a roast, and I wanted her to cook it with the trimmings, a lamb roast. We was arguing about that; she didn't want to do it.

Q. Was she cooking anything?

A. No, sir. She wasn't cooking nothing. She wasn't." (Emphasis added.)

In *Commonwealth v. Perkins*, 473 Pa. 116, 373 A.2d 1076 (1977), it was asserted by the court that every intemperate or improper remark will not warrant a new trial.

"The language must be such that its 'unavoidable effect would be to prejudice the jury, forming in their minds fixed bias and hostility toward the defendant, so that they could not weigh the evidence and render a true verdict." *Commonwealth v. Stolzfus*, 462 Pa. 43, 61, 337 A.2d 873, 882 (1975), quoting *Commonwealth v. Simon*, 432 Pa. 386, 394, 248 A.2d 289, 292 (1968).

In this case, the trial judge noted:

"Further, we believe the use of the word 'murdered' was unintentional and was used merely in a broad, non-legal sense. This is evidenced by the fact that at several other times, similar questions propounded by the Assistant District Attorney employed the words 'shoot' and 'shot'."

Appellant never denied he killed his wife. He testified, however, that the shooting death was the result of an argument he and his wife were having over her refusal to

prepare the evening meal. Commonwealth witnesses testified that it appeared the victim was preparing food at the stove when she was shot. Therefore, the thrust of the questions on cross-examination of the appellant was intended to establish whether the victim was, in fact, cooking the evening meal, thus tending to discredit the appellant's claim that the argument was the result of her refusal to cook.

From a review of all the evidence we conclude that the use of the word "murdered" in the two unobjected to questions was not of such magnitude or prejudice to warrant the grant of a new trial. As has been stated so often in the past the test to be employed in determining whether a criminal defendant has received competent assistance of counsel is whether the course of action chosen by counsel had some reasonable basis designed to effectuate his client's interests. *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). Since the use of the word "murdered" did not constitute prejudice sufficient to overturn the conviction, trial counsel was not ineffective for failing to enter an objection. An objection by trial counsel may have even been detrimental to appellant's case for it could have served to magnify an otherwise inconsequential remark. Moreover, any prejudice or confusion the jury may have experienced because of the two questions were remedied by the trial judge's extensive instructions in his charge to the jury of the various distinct offenses (murder of the first degree, murder of the second degree, and voluntary manslaughter) that were included in a general indictment of murder.

Appellant also maintains that he was denied his constitutional right to representation by competent counsel on appeal due to appellate counsel's failure to raise and argue the issue of trial counsel's incompetence. The Pennsylvania Supreme Court has consistently held that appellate counsel is not ineffective in failing to assert a baseless claim. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977). Since we have determined that trial counsel was not ineffective for choosing not to object to the use of the word

"murdered" in the prosecuting attorney's cross-examination, we hold that counsel on appeal was not ineffective for failing to raise and argue the issue of trial counsel's incompetence. We therefore uphold the hearing court's decision denying appellant's petition for relief pursuant to the Post Conviction Hearing Act.

Order affirmed.

This decision was reached prior to the death of MANDER-INO, J.