420 A.2d 674

COMMONWEALTH of Pennsylvania

v.

Jerome CAVANAUGH, Appellant.

Superior Court of Pennsylvania.

Argued Sept. 11, 1979.

Filed June 6, 1980.

Kevin S. Anderson, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, submitted a brief on behalf of Commonwealth, appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

SPAETH, Judge:

Appellant was convicted by a judge sitting without a jury of aggravated assault,[1] simple assault,[2] recklessly endangering another person,[3] possessing an instrument of crime,[4] and terroristic threats.[5] On appeal, he argues that the evidence was insufficient to support the convictions of aggravated assault, recklessly endangering another person, and possessing an instrument of crime; he does not challenge the other convictions.

On March 29, 1978, Reginald Harris was walking on Haines Street in Philadelphia when he was approached by appellant. According to Harris's testimony, appellant struck him on one arm, both legs, and his head with a tire iron. (N.T. 7–9) Harris testified that after striking him with the tire iron, appellant said that "next time he was going to kill me." (N.T. 9) Appellant was 6 feet 4 inches tall and weighed about 250 pounds; Harris weighed 125 pounds. Harris also testified that appellant had accused him during the summer of 1977 of robbing his house (N.T. 9), but that since that summer, they had neither seen nor spoken to one another. (N.T. 9–10). As a result of the assault, Harris sustained lacerations of the head, requiring nine stitches at Germantown Hospital.

Appellant's main defense was that Harris had continually taunted him by claiming to have burglarized his house. Appellant testified that this taunting made him so angry that he struck Harris "about twice" with his fist; he denied hitting Harris with a tire iron. (N.T. 27–28)

The Crimes Code provides that a person is guilty of aggravated assault if he "attempts to cause serious bodily injury to another, or causes such injury intentionally, know-

1. 18 Pa.C.S.A. § 2702.

2. 18 Pa.C.S.A. § 2701.

3. 18 Pa.C.S.A. § 2705.

4. 18 Pa.C.S.A. § 907.

5. 18 Pa.C.S.A. § 2706.

ingly or recklessly under circumstances manifesting extreme indifference to the value of human life; ...." 18 Pa.C.S.A. 2702. The Code defines "serious bodily injury" as "[b]odily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." 18 Pa.C.S.A. 2301 (1973).

■ It may be granted that appellant did not cause "serious bodily injury" to Harris. *See Commonwealth v. Alexander*, 477 Pa. 190, 383 A.2d 887 (1977). The evidence that he repeatedly struck Harris with a tire iron, once on the head, that he was much larger than Harris, and that he told Harris that "next time" he would kill him, was nevertheless sufficient to support an inference that he attempted to cause serious bodily injury to Harris.

■ A similar observation may be made with respect to the charge of recklessly endangering another person. This offense is defined by the Crimes Code as "conduct which places or may place another person in danger or death of serious bodily injury." 18 Pa.C.S.A. § 2705. Even if one grants that appellant's conduct did not in fact place Harris in danger of death or serious bodily injury, it was nevertheless conduct that might have.

■ With respect to the charge of possessing an instrument of crime: In holding that the tire iron was an instrument of crime, the lower court plainly erred. *Commonwealth v. Morgan*, 273 Pa.Super. 124, 416 A.2d 1121 (1979). The judgment of sentence for this offense must therefore be set aside.

■ One further issue remains. The lower court sentenced appellant to 11½ to 23 months for simple and aggravated assault, and suspended sentence on the other convictions. In imposing this sentence, the lower court failed to apply the doctrine of merger.

"The principle of merger prevents double punishment for a lesser offense when it is a necessary ingredient of the greater offense for which the defendant has also been

indicted, convicted and punished." *Commonwealth v. Nelson*, 452 Pa. 275, 280, 305 A.2d 369, 371 (1973) (concurring and dissenting opinion by NIX, J.) (Citations omitted). *Commonwealth v. Hill*, 237 Pa.Super. 543, 559, 353 A.2d 870 (1975).

In deciding whether particular crimes merge, "[t]he true test . . . is . . . whether one crime necessarily involves another . . ." *Commonwealth v. McCusker*, 363 Pa. 450, 457, 70 A.2d 273, 276 (1950), citing *Commonwealth ex rel. Moszcynski v. Ashe*, 343 Pa. 102, 21 A.2d 920 (1941).

■ Applying the doctrine of merger, we find that simple assault merges into both aggravated assault and recklessly endangering another person. Simple assault is defined as conduct by which one "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another." 18 Pa.C.S. § 2701(a)(1). The elements of this offense are necessarily included in the crime of aggravated assault, which is defined as conduct by which one "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life," 18 Pa.C.S. § 2702(a)(1), and also in the crime of reckless endangering another person, which is defined as conduct by which one "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury," 18 Pa.C.S. § 2705. Accordingly, the lower court erred in sentencing appellant on both the lesser offense of simple assault and the greater offenses of aggravated assault and recklessly endangering another person. *Commonwealth v. Belgrave*, 258 Pa.Super. 40, 49, 391 A.2d 662, 667 (1978); *Commonwealth v. Hill*, 237 Pa.Super. 543, 559, 353 A.2d 870, 880 (1975).

However, despite the lower court's error in convicting appellant of possessing an instrument of crime, and its error in sentencing him for simple assault, we believe a remand for resentencing is not necessary. It is clear that the lower court regarded this case as essentially a case of aggravated assault. A remand for resentencing would not result in any

change of sentence. *Compare Commonwealth v. Moore*, 261 Pa.Super. 92, 395 A.2d 1328 (1978), with *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972).

The judgments of sentence for possession of an instrument of crime and simple assault are set aside. Otherwise, the judgments of sentence are affirmed.