434 A.2d 717

**COMMONWEALTH of Pennsylvania**

v.

**Milton WILLIAMS, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 1980.

Filed June 5, 1981.

Limited Reargument or Reconsideration Denied Sept. 25, 1981.

210

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, SHERTZ, and WIEAND, JJ.

WIEAND, Judge:

Milton Williams was tried non-jury and found guilty of aggravated assault, simple assault, recklessly endangering another person, and possessing an instrument of crime. At sentencing, after post trial motions had been denied, the trial court held that the conviction for simple assault had merged in the offense of aggravated assault and imposed three concurrent sentences of imprisonment of not less than

four and one-half years nor more than nine years for the remaining convictions. On appeal, Wilson raises three issues: (1) that the evidence presented at trial was so contradictory that the trial court's verdict must necessarily have been based upon conjecture; (2) that sentences in excess of the statutory maximums were imposed for the offenses of recklessly endangering another person and possession of the instruments of crime; and (3) that, on the facts of this case, double jeopardy considerations and the doctrine of merger precluded a separate sentence for recklessly endangering another person.

The facts of the case were developed primarily through the testimony of Daniel Allen, the complainant, who conceded that he was a homosexual. He testified that on May 23, 1979, he went to the Ritz Bar in Philadelphia, a place where homosexuals were known to gather, for the purpose of attempting to "score" or "meet a fellow." There he met the appellant, with whom he struck up a conversation. Subsequently the two men stopped at the Fuel Pump and the Mr. Big Shot bars, where the complainant purchased drinks and they engaged in "homosexual conversation." At 7:00 or 7:30 P.M., complainant told defendant he had to deliver some packages to the Regular Fellows Club at 1438 Federal Street, where he was the business manager. He suggested that defendant accompany him and that they could have a few drinks there and get to know each other better.

Upon arrival at the club, complainant poured drinks and gave appellant a tour of the club, which was then deserted. They took their drinks to the second floor of the club[1], where they sat at a bar and continued their conversation. As complainant was about to go downstairs to refill the glasses, appellant pulled out a barber's razor and announced a "stick-up."

1. The first and second floors of the club were the second and third floors of the building. Many of the apparent contradictions in testimony complained of by appellant can be reconciled if one realizes that the witnesses often referred to floor numbers without identifying whether their reference was to the floor number of the club or the building.

When he realized that appellant was not joking, the complainant threw a chair at appellant and tried to get away. He tripped and fell near the stairs, however, where appellant repeatedly slashed at him with the razor, inflicting severe lacerations to the face and thigh, which left the complainant with permanent scars. Complainant began yelling for help, at which time the appellant ran downstairs and out of the club. Complainant called the police who transported him to the hospital, where 125 sutures were required to close his wounds.

On July 21, 1979, complainant again saw the appellant in the Ritz Bar and called the police. Officer John Rutter brought the appellant out of the bar whereupon he was identified by the complainant and arrested. Appellant was found to be carrying a barber's razor.

Allen admitted at trial on both direct and cross-examination that he had given different versions of the incident to investigating police officers [2] and at appellant's preliminary hearing [3]. He explained these inconsistencies at trial by saying that the prior statements had been motivated by his fear of being exposed as a homosexual. The trial court accepted this explanation and found the complainant to be a credible witness.

Appellant argues on appeal that these inconsistencies were of such significance that the trial court's finding of guilt was necessarily based solely on conjecture or guess. We disagree.

**2.** While receiving hospital treatment following the incident, Allen said that he had been attacked from behind by an unknown assailant as he entered the club and could not identify the person.

On July 21, 1979, following appellant's arrest, Allen told a police officer that he had given a drink to a man at the club's first floor bar and that as he had emerged from behind the bar the man grabbed him, held a razor in a threatening manner and demanded money. Allen said he had kicked the man, after which the man began slashing him with the knife.

**3.** At the preliminary hearing, Allen testified that after he and appellant had visited several bars he asked appellant to go to the club with him in order to assist in the removal of packages from the trunk of his car.

If a witness has made inconsistent or contradictory statements they may be used to attack the witness' credibility. *Commonwealth v. Bean*, 244 Pa.Super. 368, 372, 368 A.2d 765, 767 (1976); *Commonwealth v. Lenker*, 202 Pa.Super. 538, 541, 198 A.2d 347, 349 (1964); *Commonwealth v. Bartell*, 184 Pa.Super. 528, 537, 136 A.2d 166, 172 (1957). Prior inconsistent statements, however, do not render a witness incompetent or require that his testimony be disbelieved. *Id.* It is true, of course, that a conviction cannot properly be sustained if it be based upon testimony of a witness which is so contradictory on the essential issues as to make the verdict obviously the result of conjecture or guess. *Commonwealth v. Farquharson*, 467 Pa. 50, 60, 354 A.2d 545, 550 (1976); *Commonwealth v. Lenker*, supra, 202 Pa.Super. at 542, 198 A.2d at 349; *Commonwealth v. Bartell*, supra, 184 Pa.Super. at 537, 136 A.2d at 172. However, the mere fact that there are some inconsistencies is not alone sufficient to destroy the Commonwealth's case. *Commonwealth v. Duncan*, 473 Pa. 62, 68, 373 A.2d 1051, 1053–54 (1977); *Commonwealth v. Bartell*, supra, 184 Pa.Super. at 537–38, 136 A.2d at 172. It is the function of the trier of the facts, in this case the trial judge, to reconcile conflicting testimony; the mere existence of conflicts in the testimony does not mean that he is required to resort to speculation. *Commonwealth v. Duncan*, supra.

It is also the function of the trier of the facts to resolve inconsistencies, if any, which may exist between the testimony of different witnesses. *Commonwealth v. Farquharson*, supra, 467 Pa. at 59, 354 A.2d at 550. The Commonwealth is not bound by everything its witnesses say, and the trier of the facts can believe all, part or none of their testimony. *Commonwealth v. Duncan*, supra; *Commonwealth v. Roux*, 465 Pa. 482, 350 A.2d 867 (1976); *Commonwealth v. Mahoney*, 460 Pa. 201, 331 A.2d 488 (1975).

In the instant case, the prior inconsistent statements of the complaining witness and the relatively minor contradictions in the Commonwealth's evidence pertaining to the precise part of the club in which the assault occurred were

not of such a nature as to require that the guilty verdicts be set aside. The trial court could reason from the Commonwealth's evidence, and not merely speculate, that a savage and vicious assault had been made upon the complainant's person and that appellant was the person who had committed such an assault.

The trial court erred, however, when it imposed separate sentences for aggravated assault and recklessly endangering another person. Recklessly endangering was, under the facts of this case, a constituent offense of aggravated assault and, for purposes of sentencing, merged with the more serious offense.

■ The test for determining whether one offense merges into another for purposes of sentencing is whether one crime necessarily involves the other. In order for one crime to necessarily involve the other, the essential elements of one must also be the essential elements of the other. *Commonwealth v. Cavanaugh*, 278 Pa.Super. 542, 420 A.2d 674 (1980); *Commonwealth v. Lawton*, 272 Pa.Super. 40, 48–49, 414 A.2d 658, 662–63 (1979); *Commonwealth v. Belgrave*, 258 Pa.Super. 40, 48, 391 A.2d 662, 666 (1978).

■ Aggravated assault is committed when a person "attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly, or recklessly under circumstances manifesting extreme indifference to the value of human life." 18 Pa.C.S.A. § 2702(a)(1). Recklessly endangering another occurs when a person "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. The element of recklessness may be demonstrated by showing that an accused acted in conscious disregard of a substantial and unjustifiable risk that death or serious bodily injury would result, 18 Pa.C.S.A. § 302(b)(3), or it may be established by conduct which is committed intentionally or knowingly. 18 Pa.C.S.A. § 302(e). It can be seen, therefore, that after the Commonwealth had proved an aggravated assault, no additional facts were necessary to prove the

reckless endangering of the victim. Thus, there clearly was a merger for purposes of sentencing.

Because a merger had occurred, it was held to be error for a court to impose separate sentences where the same act constituted both recklessly endangering another person and simple assault. See: *Commonwealth v. Belgrave*, supra.[4]

Moreover, the imposition of separate sentences for one act which constituted a violation of two distinct statutory provisions would, under the circumstances of this case, also have double jeopardy implications. See: *Commonwealth v. Tarver*, 493 Pa. 320, 426 A.2d 569 (1981). For these reasons, the sentence for recklessly endangering another person must be vacated and set aside.[5]

■ Appellant contends, finally, and the Commonwealth and trial judge agree, that the concurrent sentence imposed for possessing an instrument of crime exceeded the maximum sentence authorized for such offense. This offense has been classified as a misdemeanor of the first degree (18 Pa.C.S.A. § 907) for which the legislature has authorized a sentence of imprisonment not to exceed five years (18 Pa.C.S.A. § 1104(1)). The sentence of four and one-half to nine years, therefore, was illegal and must be vacated.

The trial judge's opinion suggests that his intention was to impose a sentence of four and one-half to nine years in prison for aggravated assault and not to add additional time because of the convictions for recklessly endangering and possessing an instrument of crime. However, we will not alter the sentence imposed by the court below. The preferable course is to vacate all sentences and remand for resentencing on the convictions for aggravated assault and pos-

---

**4.** Compare the facts in *Belgrave* with *Commonwealth v. Lawton*, supra, where the actor's punching another person endangered other members of a crowd gathered in a subway station. Under those circumstances, the crimes of simple assault and recklessly endangering were held to be separate offenses which did not merge.

**5.** The sentence imposed by the trial court also exceeded the maximum sentence authorized for recklessly endangering another person, an offense which has been classified as a misdemeanor of the second degree.

session of an instrument of crime. See: *Commonwealth v. Belgrave*, supra; *Commonwealth v. Lockhart*, 223 Pa.Super. 60, 296 A.2d 883 (1972). It is so ordered.

SHERTZ, J., files a concurring and dissenting statement.

SHERTZ, Judge, concurring and dissenting:

I agree with the majority insofar as it affirms the convictions of aggravated assault and of possession of an instrument of a crime and holds that the offense of recklessly endangering another person merged with the more serious offense. I disagree, however, with the decision of the majority to remand for resentencing, since I believe such a remand is unnecessary. A review of the record makes it clear that the lower court considered this essentially as a case of aggravated assault and sentenced accordingly. A remand, therefore, is unnecessary inasmuch as it would not result in any change of sentence. *See, e. g., Commonwealth v. Cavanaugh*, 278 Pa.Super. 452, 420 A.2d 674 (1980).