J. S93006/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
CARLOS RAMON MATOS, :
:
APPELLANT :
: No. 2756 EDA 2015
:

Appeal from the Judgment of Sentence April 17, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011474-2013

BEFORE: DUBOW, SOLANO AND PLATT[*], JJ.

MEMORANDUM BY DUBOW, J.: **FILED FEBRUARY 15, 2017**

Appellant, Carlos Ramon Matos, appeals from the Judgment of

Sentence entered following his conviction of Robbery, Possession of an

Instrument of Crime, Recklessly Endangering Another Person, Theft by

Unlawful Taking, and Receiving Stolen Property.[1] We affirm.

The facts, as established at Appellant's bench trial, are as follows. On

June 30, 2013, Mr. Hector Otanez was working at Claude's minimarket ("the

minimarket") located at 945 East Ontario Street, between H and I Streets.

At some point between 8:30 and 9:20 a.m., Appellant came into the

---

[*] Retired Senior Judge Assigned to the Superior Court.

[1] 18 Pa.C.S. § 3701(a)(1)(ii); 18 Pa.C.S. § 907; 18 Pa.C.S. § 2705; 18
Pa.C.S. § 3921(a); and 18 Pa.C.S. § 3925(a), respectively.

minimarket. He was wearing a mask over his face, and he had his right arm across his body, with his right hand over the front of his left hip/waistband. Appellant grabbed the front of Mr. Otanez's neck and demanded money from the cash register. At that point, Appellant was holding his left hand over his left hip. Mr. Otanez thought Appellant had a gun. Mr. Otanez acquiesced to Appellant's demands, and the men went to the register.

Appellant took from the register approximately $90 - two (2) $20 bills and approximately fifty (50) to sixty (60) $1 bills. He then ran out of the minimarket and turned left, toward H Street. Mr. Otanez ran out of the minimarket after Appellant and started yelling and pointing at him. Mr. Otanez saw Appellant running westbound on Ontario Street, towards H Street. He also saw a police car travelling eastbound on Ontario. The police car then turned around and went after Appellant, returning to the minimarket shortly thereafter with Appellant in their police vehicle.

Within minutes of the robbery, Mr. Otanez made a signed, written statement to the police in which he identified Appellant as the man who robbed him. The statement reads, in pertinent part:

> Q. Did you ever see the male wearing the mask before?
>
> A. Yes. He was in the store before.
>
> Q. Even though he was wearing a mask, you knew who he was?
>
> A. Yes. I see him before.

Q. Can you describe the man?

A. He is tall like 6' or something, black, he weigh[s] like 200 pounds or more.  About like 49-51 years around there.  Black mask, tee shirt gray and black stripes, with jean pants, hair was like black and a little bit gray.
***

Q. Did the police ever come back to your store?

A. Yes.  They come back with guy in the car.  That's the guy exactly.

Otanez Statement, 3/30/13, at 2.

The Commonwealth charged Appellant with Robbery and related offenses.  On July 1, 2014, Appellant filed a Motion in *Limine* to preclude, *inter alia*, the admission of Mr. Otanez's identification of Appellant as the perpetrator of the crimes.  Appellant argued that, because Mr. Otanez did not identify Appellant at the preliminary hearing, the court must exclude Mr. Otanez's prior written statement identifying Appellant unless Mr. Otanez can identify Appellant as the perpetrator at trial.  On October 27, 2014, the court granted the Motion in part, but apparently did not grant or deny the portion of Appellant's Motion seeking to preclude the prior written statement made by Mr. Otanez.

At Appellant's bench trial, the court heard the testimony of Mr. Otanez and Officer Bowe.  The trial court summarized the relevant testimony as follows:

Mr. Otanez testified that the officers did not ask [him] to identify the man because he never saw the man's face. Mr. Otanez also testified that he may have seen [Appellant] in the minimarket before the day of the robbery, and that he believed he did, but he could not say for sure. The Commonwealth's Counsel presented Mr. Otanez a document, Exhibit C-1, which Mr. Otanez identified as a copy of the original statement that he gave to a detective at the police station on the day of the robbery. The statement was signed by Mr. Otanez on June 30, 2013, at 10:52 a.m. Mr. Otanez's trial testimony differ[ed] from the original statement.

[At trial,] Mr. Otanez denied telling the detective that [ ] the man in the police car was the man who robbed him. He testified that he only said that the man in the car was [Appellant], claiming that he never saw the robber's face and he could not identify the robber. Mr. Otanez also denied telling the detective that he could identify the man who robbed him. He claimed that he could not see the man's face because he was wearing a mask and that he did not know who the man was.

\* \* \*

Following Mr. Otanez's testimony, the Commonwealth presented the testimony of the arresting police officer, Officer Bowe. On June 30, 2013, at approximately 10:00 a.m., Officer Bow[]e and his partner, Officer Martaszek, were in full uniform and a marked police car, on routine patrol, in the area of H and Ontario Streets. The officers were travelling eastbound on Ontario Street, when Officer Bow[]e saw [Appellant] running westbound on Ontario Street; initially [Appellant] was approximately 30 yards from the minimarket; he then ran past the patrol car. Officer Martaszek made a [U]-turn and the officers proceeded to follow [Appellant] who was still in sight. The officers followed [Appellant] westbound on Ontario Street, southbound on H Street and westbound on Thayer Street, a distance of a block and a half.

When [Appellant] came to the corner of H and Thayer Streets, Officer Bow[]e saw [Appellant] throw two handfuls of cash/bills onto a porch located on Thayer Street.

- 4 -

Thereafter, the officers stopped [Appellant] for an investigation. The officers recovered a six (6) inch paint roller with a black handle from [Appellant's] waistband; the handle was sticking up, out of [Appellant's] pants. The officers also recovered $88 – two (2) $20 bills and forty-eight (48) $1 bills – from the porch on Thayer Street. The officers placed [Appellant] in the police car and transported him to the minimarket for identification.

When the officers arrived at the minimarket, Officer Bow[]e came in contact with Mr. Otanez. Officer Bowe asked Mr. Otanez if he could identify [Appellant]. At that time, Mr. Otanez positively identified [Appellant] as the person who had robbed the store. Officer Bowe testified that he was 100% certain that the person he stopped and identified as [Appellant] was the same person as the person he initially saw running westbound on Ontario Street.

Trial Ct. Op., 6/30/16, at 2-5 (citations omitted).

The court found Appellant guilty of each of the crimes charged. On April 17, 2015, the trial court sentenced Appellant to a term of 6 to 12 years' incarceration on the Robbery conviction, and consecutive term of 2 to 4 years' incarceration on the Possession of an Instrument of Crime conviction. The court imposed no further penalty on the remaining convictions.

On April 24, 2015, Appellant filed a timely Post-Sentence Motion, challenging, *inter alia*, the weight given to Mr. Otanez's written statement, which the court denied by operation of law on August 24, 2015. Appellant filed a timely Notice of Appeal on September 11, 2015. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

**<u>Sufficiency of the Evidence</u>**

On appeal, Appellant purports to challenge the sufficiency of the Commonwealth's evidence supporting his conviction of "robbery and related offenses." Appellant's Brief at 10. Appellant asserts that the Commonwealth's evidence was insufficient to sustain his conviction for Robbery because the robber wore a mask, the complainant could not identify him as the robber,[2] and the police did not recover a mask from him. Specifically, Appellant argues that "there was an ambiguity to [Mr. Otanez's] statement to the detective, which he clarified at trial[]" and "[t]here is no inconsistency[,] but rather ambiguity, albeit not patent, but that is why Mr. Otanez testified to explain the situation." *Id.* at 10-11.

When examining a challenge to the sufficiency of the evidence:

> As a general matter, our standard of review of sufficiency claims requires that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. Any doubt about the defendant's guilt is to be resolved by the fact[-]finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

---

[2] Although Appellant avers that the victim could not identify him at trial, in fact, the court admitted the victim's prior statement identifying Appellant as the robber as impeachment and substantive identity evidence. Appellant does not challenge the admission of this evidence on appeal either for impeachment or substantive purposes.

> The Commonwealth may sustain its burden by means of wholly circumstantial evidence. Accordingly, the fact that the evidence establishing a defendant's participation in a crime is circumstantial does not preclude a conviction where the evidence coupled with the reasonable inferences drawn therefrom overcomes the presumption of innocence. Significantly, we may not substitute our judgment for that of the fact[-]finder; thus, so long as the evidence adduced, accepted in the light most favorable to the Commonwealth, demonstrates the respective elements of a defendant's crimes beyond a reasonable doubt, the appellant's convictions will be upheld.

***Commonwealth v. Rahman***, 75 A.3d 497, 500-01 (Pa. Super. 2013) (citations and quotations omitted). The trier of fact, "while passing upon the credibility of witnesses and the weight of the evidence is free to believe all, part or none of the evidence." ***Commonwealth v. Orr***, 38 A.3d 868, 873 (Pa. Super. 2011) (citation omitted).

A person is guilty of Robbery if "in the course of committing a theft, he threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S. § 3701(a)(1)(ii).

Moreover, in order to sustain a conviction of Robbery, the Commonwealth must prove each of the statutory elements of the crime, and also demonstrate "[p]roof beyond a reasonable doubt of the identity of the accused as the person who committed the crime[.]" ***Commonwealth v. Hickman***, 309 A.2d 564, 566 (Pa. 1973).

When an appellant challenges the sufficiency of the Commonwealth's identification evidence, our Supreme Court has held that "[a] mere conflict in testimony does not render the evidence insufficient[.]" **See Commonwealth v. Rankin**, 272 A.2d 886, 887 (Pa. 1971).

"Evidence of identification need not be positive and certain to sustain a conviction." **Orr**, 38 A.3d at 874 (citation and internal quotation marks omitted). When determining whether a particular identification is reliable, the court "should consider the opportunity of the witness to view the criminal at the time of the crime, the witness[']s degree of attention, the accuracy of his or her prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. The opportunity of the witnesses to view the actor at the time of the crime is the key factor in the totality of the circumstances analysis." **Commonwealth v. Valentine**, 101 A.3d 801, 806 (Pa. Super. 2014), **see also Orr**, 38 A.3d at 874 (noting that out-of-court identifications given without hesitation shortly after the crime are particularly relevant in reviewing sufficiency of the evidence claims).

The trial court explained its conclusion that the Commonwealth presented sufficient identification evidence as follows:

> Mr. Otanez's prior statement identifying [Appellant] as the man who robbed him was consistent with the credible testimony of Officer Bowe. Officer Bowe's testimony established that, within minutes of the robbery, [Appellant] was seen running from the area of the minimarket; that [Appellant] had discarded cash/bills

taken from the minimarket; and, that when Mr. Otanez was confronted with [Appellant], within minutes of the robbery, Mr. Otanez positively identified [Appellant] as the man who robbed him.

Trial Ct. Op. at 9.

We agree with the trial court's conclusion that, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, and drawing all reasonable inferences therefrom, the Commonwealth established beyond a reasonable doubt that Appellant was the perpetrator of the instant crime. Initially we note that, notwithstanding the inconsistencies in Mr. Otanez's out-of-court and in-court statements, Mr. Otanez did affirmatively identify Appellant as the man who robbed the minimarket. Moreover, Mr. Otanez's out-of-court identification statement, which he made to police shortly after the crime, coupled with Officer Bowe's testimony that he saw Appellant fleeing the area of the minimarket within minutes of the robbery and subsequently discarding cash in an amount and denominations matching that reported stolen constitutes sufficient direct and circumstantial evidence to support Appellant's conviction. Appellant's sufficiency challenge, thus, fails.

**Weight of the Evidence**

Although we acknowledge that Appellant presented his issue on appeal as a challenge to the sufficiency of the Commonwealth's identification evidence, and our courts often treat these challenges as sufficiency claims, Appellant's argument is fundamentally a challenge to the weight the court

gave to Mr. Otanez's statements.[3]  This Court's standard of review of a challenge to the weight of the evidence is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses.  An appellate court cannot substitute its judgment for that of the finder of fact.  Thus, we may only reverse the . . . verdict if it so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Orr*, 38 A.3d at 872. (citations omitted).  It is for the trier of fact to resolve any inconsistencies in the evidence or witness testimony.  *Commonwealth v. Williams*, 434 A.2d 717 (Pa. Super. 1981).

To the extent that Appellant challenges the trial court's decision to credit Mr. Otanez's prior statement to police over his testimony at trial, the trial court disposed of this claim as follows:

> Although Mr. Otanez testified that he could not identify the man who robbed him because the man was wearing a mask at the time of the robbery, the Commonwealth's [c]ounsel effectively impeached Mr. Otanez's identification testimony with his prior inconsistent statement, which this [c]ourt found to be reliable and trustworthy.  Mr. Otanez's prior statement was given shortly after the robbery, while his memory was fresh.  His prior statement established

---

[3] Appellant preserved this issue by raising it in his Post-Sentence Motion. *See*  Pa.R.Crim.P 607(A).

- 10 -

> that even though the robber was wearing a mask, Mr. Otanez knew that the robber was [Appellant] because he had seen [Appellant] in the minimarket before the day of the robbery.

Trial Ct. Op. at 8.

Following our review of the record, we conclude that the trial court did not abuse its discretion in resolving the inconsistencies in Mr. Otanez's statements as it did. The trial court properly exercised it discretion when it found Mr. Otanez's earlier statement to police reliable and trustworthy, and we will not disturb that finding on appeal. This issue, therefore, lacks merit.

Judgment of Sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/15/2017

- 11 -