J-S71008-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICKY DAVID SMITH | : | |
| | : | |
| Appellant | : | No. 2357 EDA 2018 |

Appeal from the Judgment of Sentence Entered July 5, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002026-2017

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                  **FILED JANUARY 24, 2020**

Ricky David Smith appeals from his July 5, 2018 judgment of sentence and challenges the sufficiency of the evidence supporting his convictions of aggravated assault and recklessly endangering another person ("REAP"). After thorough review, we affirm.

The trial court summarized the facts as follows.

> On March 2, 2016, at approximately 4:30 PM, Appellant, an inmate at Curran-Fromhold Correctional Facility (CFCF), entered a designated officers' area while Corrections Officer Jaimie Harris worked on inmate discharges. Notes of Testimony, 8/15/2018 ("N.T." 8/15/2018) at 14-15. Appellant then moved into the nearby phone room before returning to the officers' area, at which point he positioned himself slightly less than one foot away from Officer Harris' desk with his foot propped up on a commissary box. *Id*. at 15.

> Officer Harris testified that Appellant then placed his hands in the front of his pants and exposed his genitals to her. *Id*. at 15-16. The situation escalated, leading Officer Harris to lock Appellant in that area for his own protection, as other inmates had

begun reacting to the confrontation and "getting rowdy." *Id*. at 17. Throughout this interaction, Officer Harris repeatedly demanded the inmate stop exposing himself to her and stop using obscene language. *Id*. at 19.

Officer Harris subsequently walked Appellant back to his cell. *Id*. at 19. Approximately halfway to the cell, Appellant stopped and resisted the officer's effort. *Id*. at 20. Appellant moved close to Officer Harris, at which point she turned to get help from her partner, Office Langdon. *Id*. at 20-21. Officer Harris then felt a sharp blow to the left side of her face near the corner of her mouth and under her nose. *Id*. at 21. She testified that the resulting wound bled heavily and that "you could stick your finger through the cut" and move it back and forth. *Id*. at 23. Officer Harris confirmed that Appellant was the person who wounded her, but she could not be certain whether or not Appellant had a weapon in his hand when he struck. *Id*. at 24. She did indicate that she could feel her skin tearing. *Id*. at 24.

Officer Harris then turned and struck Appellant in the face. *Id*. at 24. She watched Appellant, gripping his own face, enter another inmate's cell and begin to wash the blood from his hands. *Id*. at 25. It is unclear whether the blood came from Officer Harris's wound or his own. *Id*. at 25. Officer Harris was taken for medical treatment at the prison. *Id*. at 33. The wound was so severe that medical staff on site could not stop the bleeding. *Id*. at 33. She was then transported to Erie [sic] Torresdale (Hospital) on Knight's Road for emergency care. *Id*. at 33.

Due to the severity of the injury, Officer Harris underwent plastic surgery at approximately 6:00 AM the following morning on March 3, 2016. The initial procedure required 35 stitches and a second surgery had to be performed on January 11, 2017. *Id*. at 34. Officer Harris now suffers from numbness on the left side of her face due to nerve damage from this injury. *Id*. at 34. She also experiences twitching and has to drink with a straw and eat with the right side of her mouth. *Id*. at 34. There is a visible 3/4-inch scar running from the inside of her lip and up to her nostril. *Id*. at 34.

Trial Court Opinion, 6/12/19, at 2-3.

Appellant waived his right to a jury trial after an on-the-record colloquy, during which he was apprised of his rights. Following a non-jury trial, Appellant was found guilty of indecent assault, aggravated assault, simple assault, and REAP. He was sentenced on July 5, 2018, to four to eight years of incarceration on the aggravated assault charge, and no additional sentence on the remaining charges. Appellant timely filed an appeal to this Court, and complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

Appellant presents one issue for our review: "Was not the evidence insufficient to find Appellant guilty beyond a reasonable doubt of aggravated assault and recklessly endangering another person where the evidence failed to prove, under the circumstances of the case involving a single 'punch' by Appellant, that Appellant intentionally, knowingly or recklessly caused serious bodily injury to the complainant?" Appellant's brief at 3.[1]

In reviewing a challenge to the sufficiency of the evidence, "we must determine whether the evidence admitted at trial, and all the reasonable inferences derived therefrom, viewed in favor of the Commonwealth as verdict winner, support the jury's finding of all of the elements of the offense beyond a reasonable doubt." *Commonwealth v. Le*, 208 A.3d 960, 969 (Pa. 2019) (citing *Commonwealth v. Smith*, 985 A.2d 886, 894-95 (Pa. 2009)). A

---

[1] Appellant sought permission to file an untimely reply brief late. Although we did not formally rule on the motion, we considered Appellant's reply brief in the disposition of the instant appeal.

conviction may be sustained on wholly circumstantial evidence, and the trier of fact is free to believe all, part, or none of the evidence. ***Commonwealth v. Bruce***, 916 A.2d 657, 661 (Pa.Super. 2007).

Appellant contends that the evidence was insufficient to prove that he intentionally, knowingly or recklessly caused serious bodily injury to the complainant, an element of both aggravated assault and REAP. The pertinent portion of the aggravated assault statute provides:

> **(a)  Offense defined**. — A person is guilty of aggravated assault if he:
>
>    . . .
>
>    (2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to an employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;
>
>    . . .
>
> **(c)  Officers, employees, etc., enumerated.** — The officers, agents, employees and other persons referred to in subsection (a) shall be as follows:
>
>    . . .
>
>    (9) Officer or employee of a correctional institution, county jail or prison, juvenile detention center or any other facility to which the person has been ordered by the court pursuant to a petition alleging delinquency under 42 Pa.C.S. Ch. 63 (relating to juvenile matters).

18 Pa.C.S. § 2702.

REAP is defined as follows: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place

another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

A defendant acts recklessly with respect to a material element of an offense,

> when he consciously disregards a substantial and unjustifiable risk that the material element exists or will result from his conduct. The risk must be of such a nature and degree that, considering the nature and intent of the actor's conduct and the circumstances known to him, its disregard involves a gross deviation from the standard of conduct that a reasonable person would observe in the actor's situation.

18 Pa.C.S. § 302(b)(3).

Appellant does not challenge the trial court's finding that the complainant sustained serious bodily injury. He contends, however, that evidence proving beyond a reasonable doubt that he acted recklessly in causing serious bodily injury was lacking. He argues that the trial court's conclusion that his use of foul language and the act of exposing himself "roused other inmates" and contributed to the risk of severe bodily injury is unsupported by the record. Appellant's brief at 14. Appellant reasons that if the blow itself was unlikely to cause serious bodily injury, then the fact that other inmates were rowdy did not change that. Furthermore, Appellant points to the complainant's testimony that she was worried about the attitude of other inmates towards Appellant, not herself. Moreover, Appellant argues that the discrepancy in size between Appellant and the complainant was not "so significant as to create enough of a risk of serious bodily injury" simply from the act of striking her. Appellant's brief at 16. Finally, Appellant complains

that the trial court focused too heavily on the outcome of the blow, *i.e.*, the fact that the complainant suffered serious bodily injury, rather than the manner in which the injury occurred. Appellant distinguishes the facts herein from those in **In the Interest of N.A.D.**, 205 A.3d 1237, 1240 (Pa.Super. 2019), where the single blow was forceful enough to break the complainant's jaw and render him unconscious. He maintains that this was a cut consistent with an injury caused by a fingernail, not a punch. Appellant contends that the injury was negligently, not intentionally or recklessly, inflicted, and not the type of contact that would normally cause serious bodily injury.

The Commonwealth counters that Appellant's arguments disregard this Court's standard of review and are impermissibly premised on a view of the evidence in the light most favorable to him, rather than the Commonwealth. The Commonwealth argues that it was only required to prove that Appellant attempted to cause serious bodily injury to an on-duty corrections officer or caused said injury intentionally, knowingly, or recklessly. **See** 18 Pa.C.S. § 2702(a)(2). It contends that since it is undisputed that the complainant suffered serious bodily injury, proof that Appellant acted recklessly was sufficient to support the conviction. A person acts "recklessly" with respect to causing serious bodily injury when he consciously disregards a substantial and unjustifiable risk of such an injury. 18 Pa.C.S. § 302(b)(3). The Commonwealth cites **Interest of N.A.D.**, **supra**, for the proposition that the *mens rea* element can be proven with circumstantial evidence.

- 6 -

Viewing the evidence in the light most favorable to the Commonwealth, the Commonwealth contends there was ample proof that Appellant acted at least recklessly in causing serious bodily injury to complainant. The evidence established that Appellant "repeatedly confronted and then assaulted a smaller on-duty corrections officer, slashed her face with a weapon while she was caught off-guard, and left a severe and significant laceration on her face that required over 30 stitches and two surgeries to repair and left behind on-going numbness and physical difficulties." Commonwealth's brief at 6-7 (citing N.T. Hearing, 3/15/18, 15-16, 20-21, 33-35). With the foregoing facts in mind, the Commonwealth directs our attention to *Commonwealth v. Nichols*, 692 A.2d 181 (Pa.Super. 1997), where swinging a bat at a person's head was held to be recklessness, and *Commonwealth v. Stevenson*, 894 A.2d 759, 774-75 (Pa.Super. 2006), *overruled on other grounds, Commonwealth v. Hicks*, 208 A.3d 916 (Pa. 2019), holding the act of thrusting his booted foot backwards at an officer and potentially striking the knee was sufficient to sustain an aggravated assault conviction. The Commonwealth argues that either Appellant used a weapon, or he struck the complainant with such force as to lacerate the skin. He struck her while she was in close proximity, but unaware and unable to defend herself from the blow, comparable to a sneak attack, and serious bodily injury resulted. Commonwealth's brief at 9.

With regard to the REAP conviction, the Commonwealth maintains that proof that Appellant engaged in conduct which placed, or could have placed, the complainant in danger of death or serious bodily injury was sufficient. *See* Commonwealth's brief at 6; *see also* 18 Pa.C.S. § 2705. It adopts the reasoning of the trial court that the same demonstrated conscious disregard which established recklessness for aggravated assault was sufficient to support the conviction for REAP, citing ***Commonwealth v. Williams***, 434 A.2d 717, 720 (Pa.Super. 1981) (characterizing REAP as a "constituent offense" of aggravated assault, and reasoning that where a defendant's recklessness has met § 2702 requirements, the same evidence will satisfy the elements of § 2705). ***See also Commonwealth v. Garnett***, 485 A.2d 821, 829 (Pa.Super. 1984) (holding conviction for REAP will stand where defendant recklessly engaged in conduct which placed another person in danger of death or serious bodily injury for purposes of the aggravated assault statute, 18 Pa.C.S. § 2705, and holding convictions on the lesser count merges for sentencing purposes).[2]

The record, viewed in the light most favorable to the Commonwealth, reveals the following. The complainant was accompanying Appellant to his cell after he had exposed his genitals to her. Appellant became both verbally

---

[2] Merger is not implicated herein for sentencing purposes as the trial court imposed sentence only on the aggravated assault conviction, and did not impose any sentence for REAP.

and physically resistant, prompting the complainant to turn around to seek assistance from her partner.  As she turned, Appellant's fist struck her across the face "like a cut[;]" "it wasn't a punch."  N.T. Hearing, 8/15/18, at 21.  She "felt something ripping her skin."  *Id*.  She was bleeding profusely. Photographs depicting the complainant's injury were introduced, and she testified regarding the medical treatment to repair the laceration and the permanent nature of her injury.  The record amply supports the trial court's finding that Appellant inflicted serious injury.

The trial court rejected the argument that Appellant merely threw a single punch that caused a freakish injury that was not foreseeable.[3]  N.T. Hearing, 8/15/18, at 72-73.  As the Commonwealth pointed out, this Court has sustained convictions for aggravated assault where serious injury resulted from a single blow or punch.  *See e.g.*, *Commonwealth v. Burton*, 2 A.3d 598 (Pa.Super. 2010) (*en banc*), and *Commonwealth v. Patrick*, 933 A.2d 1043, 1047 (Pa.Super. 2007) (*en banc*).  In *Burton* and *Patrick*, this Court held that the Commonwealth did not have to establish a specific intent to cause such harm.  Rather, proof that the defendant acted recklessly under circumstances manifesting an extreme indifference to human life was enough. Evidence that the attack was a surprise to an unsuspecting victim, that the blow was directed at a vital body part, or of disparity in size between the

---

[3] Appellant took the stand in his own defense and testified that he had no interaction with the complainant on the day in question.

assailant and his victim, constituted circumstantial proof from which recklessness could be inferred.

In this case, Appellant was engaged in an ongoing pattern of combative and verbally abusive behavior towards the complainant. He was considerably taller than the complainant. Appellant struck the complainant in the face as her head was turned and attention diverted. The trial court found, based on the foregoing proof, that Appellant's entire course of conduct showed reckless behavior up to and including the moment he struck the blow that seriously injured the complainant. Viewing the record in the light most favorable to the Commonwealth as the verdict winner, we find the evidence legally sufficient to sustain the convictions for aggravated assault and REAP, and no relief is due.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/20